## SUE COBB v. ECKE WORKS.

Decided January 15, 1910.

#### 1.—Parent and Child—Custody—Material Issue.

In a suit by a mother for the custody of her minor child, the plaintiff requested the following instruction: "Although the evidence may disclose the fact that plaintiff did at one time lead an improper life, yet if the proof shows that she has reformed and is now living a correct life in a reputable portion of the city and is otherwise prepared to care for and educate her minor child, she would be entitled to its custody." Held, properly refused because it ignored a material issue, namely, the best interest of the child under all the facts and circumstances.

#### 2.—Verdict—Judgment not Warranted by—Effect.

In a suit for the custody of a child the jury returned a verdict for the defendant absolutely and without restriction; the court, on motion for new trial, decreed that the plaintiff might have custody of the child for one month each year. Held, the action of the court was in effect a setting aside of the verdict of the jury, and, the case being a jury case, the court had no authority to enter any judgment at all, but the case should have stood for a new trial.

#### 3.—Same—Modification of Verdict.

When a case is tried by a jury their verdict must be accepted in its entirety or set aside in its entirety. The court cannot adopt the verdict upon some of the issues of fact, and determine other issues itself.

Appeal from the District Court of Cooke County. Tried below before Hon. Clem B. Potter.

*Potter & Culp,* for appellant.—The court erred in failing to give the special instruction requested by plaintiff to the effect that if plaintiff was now living a chaste and decent life, that former indiscretions committed several years before, would not justify the jury in finding her incompetent and unworthy of having the care and custody of her child. Legate v. Legate, 87 Texas, 248; State ex rel. Wood v. Deaton, 93 Texas, 243; Parker v. Wiggins, 86 S. W., 788; Pittman v. Byars, 51 Texas Civ. App., 83; Sancho v. Martin, 64 S. W., 1015.

*Stuart & Bell,* for appellee.—The refusal of the requested charge complained of in this assignment of error was not error because said

charge was erroneous and upon the weight of the evidence as it took from the jury the decision of the question whether or not the best interest of the minor child demanded that she remain in the custody of appellee or that she be placed in the custody of appellant. Plahn v. Dribred, 36 Texas Civ. App., 600; Pittman v. Byars, 51 Texas Civ. App., 83; Legate v. Legate, 87 Texas, 248.

As appellant demanded a jury, and said jury under the instructions of the court found that appellee should have the care and custody of the minor child, the court should have entered judgment awarding appellee the custody of said minor child all the time, and should not have placed any restrictions upon appellee's custody of said minor child. Henne v. Moultrie, 97 Texas, 216.

DUNKLIN, ASSOCIATE JUSTICE.—Mrs. Sue Cobb sued Mrs. Ecke Works to recover custody of plaintiff's minor child, Marie, and from a judgment in favor of the defendant Mrs. Cobb has appealed.

With plaintiff's consent the child had been in defendant's custody for several years, and when the mother sought to regain such custody her demand was refused by the defendant upon the plea that plaintiff was not a proper person to rear the child and that the welfare of the child would be best subserved by leaving her in defendant's custody. Such was the defense urged by Mrs. Works upon the trial, and the case was tried upon the issues thus made.

The only action of the trial court of which appellant complains is the refusal of the following instruction of the jury requested by the plaintiff:

"Although the evidence may disclose the fact that plaintiff did at one time lead an improper life, yet, if the proof shows that she has reformed and is now living a correct life in a reputable portion of the city of Ft. Worth, and is otherwise prepared to care for and educate her minor child, she would be entitled to its custody."

A material issue to be determined was whether under all the facts and circumstances in evidence it would be to the best interest of the child that her custody be awarded to the plaintiff or to the defendant. Legate v. Legate, 87 Texas, 248; State v. Deaton, 93 Texas, 243; Plahn v. Dribred, 36 Texas Civ. App., 600 (83 S. W., 869); Parker v. Wiggins, 86 S. W., 789. The requested instruction ignored this issue and was correctly refused. It embodied the proposition that if plaintiff had formerly led an improper life, but had since reformed and taken up her residence in a neighborhood of respectable citizens, and was otherwise prepared to care for and educate the child, it must follow that the welfare of the child would be promoted by awarding her custody to the mother. The question whether or not the reformation implied by the requested instruction was permanent or temporary only, and if one or the other, whether, under all the facts and circumstances introduced in evidence, the child's welfare demanded that her custody should be awarded to the plaintiff or the defendant, were issues to be determined by the jury, and those issues were submitted in the charge which the court gave.

The jury found that the custody of the child should be awarded to defendant, and this, too, absolutely and without any restriction, and

the judgment first rendered was in conformity with that finding. On a subsequent day of the same term the trial judge overruled plaintiff's motion for a new trial, but in the same order and upon his own motion decreed that plaintiff should have the custody of the child during the month of July of each year. From this latter decree defendant has appealed, and by an assignment of error duly filed contends, in effect, that as the trial was by jury, the judge was without authority to pass upon the issues of fact, and in the decree last rendered he necessarily invaded the province of the jury. This assignment is well taken and must be sustained.

But we can not concur in the further contention presented by defendant that judgment should be now rendered by this court in accordance with the verdict of the jury and as the trial court originally decreed. The legal effect of the decree last entered was to set aside the verdict and former judgment in part. In modifying the former judgment, evidently the judge deemed the evidence such as to show that the plaintiff was a fit custodian of the child for one month in each year, and that to that extent the verdict and judgment rendered thereon should be set aside. If not satisfied with the former judgment he had authority to vacate it. If he vacated it in part, necessarily he vacated it in its entirety, as there can be but one final judgment, and the case being on the jury docket, the judge could not adopt the verdict of the jury upon some of the issues of fact and determine other issues himself. St. Louis & S. F. Ry. v. Smith, 99 S. W., 171; Ablowich v. Greenville Natl. Bank, 95 Texas, 429; Waller v. Liles, 96 Texas, 21; San Antonio & A. P. Ry. v. Addison, 96 Texas, 61; Houston & T. C. Ry. v. Strycharski, 92 Texas, 10. Having vacated the judgment, the case necessarily remained on the docket for trial without any order of the court in terms granting a new trial. St. Louis & S. F. Ry. v. Smith, supra.

Accordingly, the judgment of the trial court as finally modified is reversed and the cause remanded for another trial.

Reversed and remanded.