## EDZAL MARKLE *v.* NOELI MARKLE.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED OCTOBER 16, 1911.                    DECIDED OCTOBER 19, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

DIVORCE—*jurisdiction—time of hearing.*

> Circuit judges are without jurisdiction to hear or determine divorce cases until the expiration of thirty days after the completion of service of summons on the libellee, in whatever method service may be accomplished, or after appearance without service.

OPINION OF THE COURT BY PERRY, J.

This is an appeal from the refusal of a circuit judge at chambers to set aside a decree of divorce entered by him. The libel in the case was filed on February 1, 1911, and personal service on the libellee made February 7. The libellee's answer was filed on February 10, the hearing had on February 17 and a decree granting the divorce rendered on February 18. The motion to set aside was based on the ground that on February 18 the circuit judge was without jurisdiction to hear and determine the case and the sole issue before us is whether the motion was well founded in law.

The question is purely one of statutory construction. Sections 2230 and 2231 of the Revised Laws, as amended, the first by Act 25 of the Laws of 1909 and the second by Act 109 of the Laws of 1907, read as follows: "Section 2230. Libel; Filing; Summons; Service; Time of Hearing. All proceedings for divorce shall be commenced by libel to be signed by the libellant and sworn to; and the same shall set forth the marriage of the parties and the cause for divorce, with sufficient particularity to constitute a case for judicial action.

"Such libel shall be filed in the office of the Clerk of a Circuit Court, and upon the filing thereof a writ of summons with the libel annexed shall be issued under the seal of the court by the clerk, directing the High Sheriff or his deputy, or the Sheriff of the County or his deputy, to summon the libellee to appear thirty days after service before the Circuit Judge at chambers to answer the libel.

"Such summons and libel shall be served by delivering certified copies thereof to the libellee personally.

"The Judge shall not entertain jurisdiction of the libel until at least thirty days after such personal service shall have been completed, except as provided in the following section."

"Section 2231. No person shall be entitled to a divorce unless the libellee shall have been served personally with process, if within the Territory, or shall have entered an appearance in the case; provided that, if it shall appear by return of the

summons or by affidavit or otherwise to the satisfaction of the judge that the libellee is without the Territory, the judge may authorize notice of the pendency of the libel and of the time and place of hearing to be given to the libellee personally by such person and in such manner as he shall designate, or, if it shall further appear to his satisfaction by affidavit or otherwise that the libellant does not know the address or residence of the libellee and has not been able to ascertain either after reasonable and due inquiry and search for six months after the filing of the libel, the judge may authorize such notice to be given to the libellee by publication thereof at least once a week for six successive weeks in a newspaper or newspapers suitable for the advertisement of notices of judicial proceedings published in the Territory, and may hear and determine the case at or after the time specified in such notice, which shall be not less than thirty days after the giving of such personal notice or the last publication of such published notice, as the case may be."

The contention of the libellant in defense of the decree is that the provision that "the judge shall not entertain jurisdiction of the libel until at least thirty days after such personal service shall have been completed" is a detail of mere procedure, not affecting jurisdiction of the subject-matter, and is therefore capable of being waived and, further, that the provision itself in consequence of the use of the words "except as provided in the following section," aided by section 2231, is subject to an exception in favor of instances where the libellee enters an appearance in the court and cause.

The earlier statutes now relied upon (R. L., Secs. 1648, 1649 and 2229) did, indeed, grant jurisdiction to the circuit judges in chambers to hear and determine divorce cases, but the provision just quoted from section 2230, as amended, clearly constitutes a limitation upon that jurisdiction. It specifies the earliest time when the power to hear and determine any particular case first exists, and to that extent qualifies the earlier grant of jurisdiction over the subject-matter. The provision cannot be construed as relating to a mere detail of procedure which the parties may at their option waive. The language is

mandatory. The words "shall not," taken in their ordinary signification, constitute an express inhibition, and no countenance is to be found in the remaining language of the statute on the subject of divorce for the view that the provision is directory only. On the contrary, the causes leading to the enactment support the view that the provision was intended to be mandatory and not subject to waiver. Just prior to the date of the act of 1909 divorce cases in this Territory, and particularly in the first circuit, had greatly increased in number, and the tendency had developed towards a very rapid disposition of such cases, instances occurring of the dissolution of the bonds of matrimony within a very few minutes of the filing of the libel. The act was doubtless passed by way of an attempt to prevent fraud and to secure to the parties in cases of ill-considered petitions time for reflection and possible reconciliation. The purpose of the provision would be frustrated if it were to be construed as leaving it within the power of the parties to waive it. Strictly speaking, an exception is a restriction by taking out something which would otherwise be included, as in a class, statement or rule. In this sense no exception is provided for in section 2231 to the rule stated in section 2230. No provision relating to the length of the period to elapse after personal service within the Territory is made in section 2231, and that is the only class which is referred to in the last paragraph of section 2230. Section 2231 merely provides, in effect, that valid service of some kind or, that which is its equivalent, an entry of appearance shall be indispensable to the securing of a divorce, and then specifies the circumstances under which personal service without the Territory or service by publication may be made, adding a specific statement as to the time when the judge shall be authorized to hear cases of the two classes last mentioned, the provision being that such hearing and determination "shall be not less than thirty days after the giving of such personal notice"

(meaning personal notice served without the territorial juris-
diction) "or the last publication of such published notice, as
the case may be." Section 2231 makes provisions additional
to those contained in section 2230. The phrase "except as
provided in the following section" is merely an inexact and
inartificial expression, intended to anticipate and introduce the
provisions in the succeeding section relating to the time of hear-
ing in cases in which personal service within the jurisdiction
is not obtained. The same phrase, used in the same sense, has
been incorporated in section 2230 in the various forms in which
it has existed since 1870. See Laws of 1870, Ch. 16, Sec. 3;
Laws of 1878, Ch. 26, Sec. 2; Compiled Laws of 1884, p. 435;
Civil Laws of 1897, Sec. 1932; Laws of 1903, Act 22, Sec.
3; Revised Laws of 1905, Sec. 2230. The two sections read
together are clear and unambiguous. In whatever method serv-
ice of summons may be accomplished the jurisdiction to hear
and determine accrues only after the expiration of thirty days
from the completion of such service. The entry of appearance
is recognized, as it has always been, as the equivalent of service
in any one of the modes in which it may be validly made, but
the sections cannot be construed as showing an intention to ren-
der the thirty-day provision inapplicable to instances where the
appearance is entered without service. The very cases just re-
ferred to are the ones in which more frequently and with greater
cause collusion or other fraud is to be suspected. It cannot be
held that the legislature, after carefully providing a remedy in
the classes of cases where ordinarily it is less needed, failed to
provide it in instances where ordinarily it is most needed.
Statutes must receive a reasonable construction. The inten-
tion of the legislature to deprive the courts of the power to hear
or determine any divorce case within less than thirty days after
the completion of service on the libellee, or its equivalent, has
been sufficiently expressed.

With reference to the libellant's contention that the words

"or shall have entered an appearance in the case" in section 2231 constitute the exception referred to in section 2230, it would perhaps be sufficient to say that in the case at bar personal service was actually made, and that therefore the exception, if any, does not apply; but in order to avoid any possible misconstruction of our ruling we prefer to base it upon the broader grounds above stated.

The cause is remanded to the circuit judge with instructions to set aside the decree and for such further proceedings as may be appropriate.

*F. Schnack (E. C. Peters* with him on the brief) for libellant.

*N. W. Aluli (Magoon & Weaver* with him on the brief) for libellee.