# IN THE MATTER OF THE ESTATE OF ALEXANDRINA LEIHULU CLARK, DECEASED.

## No. 935.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

HON. W. L. WHITNEY, JUDGE.

ARGUED JULY 24, 1916.                    DECIDED AUGUST 11, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

APPEAL AND ERROR—*probate—decree of distribution.*
> For the purpose of appeal a decree of distribution is regarded as a final decree.

DIVORCE—*judgment—collateral attack.*
> A decree of divorce rendered by a court having jurisdiction of the subject matter and of the parties cannot be collaterally at-

tacked for errors or irregularities; that libellee is not notified of the time of the second trial, the original decree having been vacated, is not such a jurisdictional defect as will render the second decree void.

SAME—*same—effect of vacating.*

Where a decree in a suit for divorce is vacated because thirty days had not elapsed after the completion of service of summons on the libellee, it is proper for the court to treat the suit as still pending and retry the same, after the expiration of the thirty days limited by statute, upon the evidence then adduced.

OPINION OF THE COURT BY WATSON, J.

This is an appeal from a decree of distribution made by a circuit judge of the first circuit sitting at chambers in probate. The case comes to this court on an appeal allowed by the circuit judge as an interlocutory appeal. Such allowance by the circuit judge was not required, as a decree of distribution is for the purpose of an appeal a final decree.

Alexandrina Leihulu Clark, a resident of Honolulu, died intestate on March 23, 1914, leaving no children, or father or mother, or brother or sister, or nephew or niece. Her estate was duly administered upon and upon the petition of the administrator for the allowance of his final accounts, distribution and discharge this controversy arose. Appellee, Henry N. Clark, to whom was ordered distributed the personal property of the estate, claims to have been the husband of Alexandrina Leihulu Clark at the time of her death and as such the sole heir at law of such intestate. This claim was disputed by several persons in the court below, among others, by the appellant, David U. K. Maikai, who, with his brother, Samuel I. Maikai, since deceased, claimed that they were the nearest surviving next of kin of said intestate and as such entitled to all of the property of said estate; that Henry N. Clark was never legally married to Alexandrina Leihulu Clark, because he was never legally divorced from his first wife, generally known as Mrs. Dreier,

and because intestate was never legally divorced from her first husband, one Morris Keohokalole. Thus it will be seen that the sole question presented for our consideration and determination is whether or not, at the time of the death of Alexandrina Leihulu Clark, Henry N. Clark, appellee herein, was her husband, for if he was it is conceded that under the facts in this case and under the laws of this Territory he is entitled, as sole heir at law, to inherit all of the property of said decedent.

The facts upon which appellant bases his contention, that Alexandrina Leihulu Clark was never legally divorced from her first husband, Morris Keohokalole, were found by the trial judge, and are undisputed, as follows: Intestate married said Morris Keohokalole on November 5, 1887; on April 3, 1911, she filed divorce proceedings against him on the grounds of desertion and failure to provide; a summons was duly served on libellee April 4, 1911, and on the following day libellee answered admitting all the jurisdictional facts but denying the desertion and failure to provide; the action went to trial on April 18, 1911, a decree being granted on that day; this decree was set aside by the trial judge of his own motion on account of a decision of this court (*Markle* v. *Markle*, 20 Haw. 633) holding that circuit judges were without jurisdiction to hear or determine divorce cases until the expiration of thirty days after the completion of service of summons on the libellee. The case was next tried on December 23, 1911, on the same pleadings, libellant alone being present in court. The transcript of testimony of this second trial, which was introduced and received in evidence in the lower court, and which is included in the record before us, shows that all of the jurisdictional facts were put in evidence and a decree was granted on the last mentioned date. One of the grounds of attack on this decree in the case at bar is directed to the fact that the libellee was not in court and the claim that

he was not notified of the time and place of the second trial.
The circuit judge found that the evidence of Morris Keoho-
kalole in the matter at bar, which has not been sent up as
a part of the record herein, was not conclusive on this point,
as to whether or not he was notified of the time and place
of the second trial, but we will assume in favor of libellant's
contention that said libellee was not so notified.

In the Clark divorce the facts were very similar. The
libellant in that case, Emma H. N. Clark, generally known
as Mrs. Dreier, married Clark October 8, 1910; on August
2, 1911, she filed a libel for divorce against him on the
grounds of extreme cruelty and failure to provide; on the
following day the libellee filed his answer admitting the
jurisdictional facts and denying the grounds set forth; on
August 8, 1911, libellee filed a consent to a hearing of the
case on that day and a hearing was had and a decree en-
tered. This decree was set aside for the same reason as the
decree in the Keohokalole case. Another hearing was had on
the same pleadings on October 26, 1911, and another decree
entered. In this case, as in the Keohokalole case, we will
assume that no notice of the second trial was given to
Clark—evidence on this point having been offered and
refused by the trial judge. The evidence before the circuit
judge showed that Clark accepted the benefits of the decree
and remarried—this time to the intestate, to whom he was
still married at the time of her decease. In this case, as in
the Keohokalole case, the evidence taken at the second
trial shows proof of all the jurisdictional facts. The case
therefore stands on the same footing as the first discussed
case. In this court, as in the lower court, two reasons are
urged why these second decrees of divorce, in the Keoho-
kalole and Clark cases, respectively, are void: (1) that no
notice of the second trial in either case was given to libellee,
and (2) that the setting aside of the original decrees of

divorce made void all of the proceedings in the cases, and thereafter it was necessary to commence the cases anew.

As to the first ground, that libellee in neither of the cases· above referred to had notice of the second trial, we are clearly of the opinion that this is not a jurisdictional defect which would render the decrees void. The circuit judge before whom the divorce cases were pending had jurisdiction of the subject matter, and jurisdiction of the person of the libellee had been acquired in each case by personal service. The fact that the first decree in each case was later vacated did not have the effect of devesting the court of its jurisdiction theretofore acquired. In 17 A. & E. Enc. L. (2d ed.) p. 1065, the distinction is pointed out between errors and irregularities rendering judgments voidable merely and jurisdictional defects which render the proceedings void. It is there said that "those defects which relate to the jurisdiction over the subject matter are generally of the class which render the proceedings void. On the other hand, there are few defects in the proceedings of a court of justice which render the proceedings void, in the strict sense of that word, where the court has jurisdiction of the subject matter of the suit." See also *State* v. *Richmond*, 26 N. H. (6 Foster) 232. In *Salter* v. *Hilgen*, 40 Wis. 363, the court held that "Where a circuit court, having jurisdiction of the subject matter of an action and of the parties, renders judgment for the plaintiff as for default of an answer, before the time for answering has in fact expired, the judgment is *irregular but not void*." In this Territory there is no statute requiring the giving of notice of trial. 38 Cyc. 1271. We hold that the proceedings had upon the second trial of the divorce cases were at most *voidable* and not *void*, and that the decrees entered in such cases, being valid on their faces, are not open to collateral attack in this proceeding.

We think there is no merit in the second ground urged

by counsel, that the setting aside of the first decrees of divorce made void all of the proceedings in the cases, and necessitated the commencement of the cases anew. This contention finds no support in the *Markle* case, *supra,* that case having been remanded to the circuit judge with instructions to set aside the decree and for such further proceedings as might be appropriate. The circuit judge, having vacated the original decrees on the ground that thirty days had not elapsed after the completion of service of summons on the libellees, respectively, correctly treated the causes as still pending, proceeded to retry the same upon the evidence then adduced, and rendered the second decrees above referred to. 23 Cyc. 973, 974; *Kelly* v. *Harrison* (Miss.), 12 So. 261, 262.

It follows from what has been said that in our opinion the marriage of Henry N. Clark to intestate was a valid marriage, and intestate leaving neither child, father or mother, brother or sister surviving, her husband became and was her sole heir at law; also that evidence tending to prove who would have been the heirs at law of the intestate had she not left surviving her a lawfully married husband was immaterial to the issues.

The decree appealed from is affirmed.

*A. A. Wilder* (*Stanley & Wilder* on the brief) for appellant.

*C. A. Long* and *N. W. Aluli* for appellee.