## KALEHUA v. CLARK.

(Circuit Court of Appeals, Ninth Circuit.   May 6, 1918.)

No. 3099.

1. JUDGMENT ⊛505—CONCLUSIVENESS—IRREGULARITIES.
    Where the circuit court of Hawaii, after setting aside a decree in a
    divorce suit against a defendant, who had consented to the hearing, ren-
    dered a second decree against him without notice, such action was a
    mere irregularity, which did not render the decree void and open it to
    collateral attack.

2. EQUITY ⊛430(1)—DECREE—VACATION—EFFECT.
    After a decree is opened or set aside, the action is left still open and
    undetermined, and further proceedings may be had thereon.

3. JUDGMENT ⊛504(1)—COLLATERAL ATTACK—IRREGULARITIES.
    Where a court has jurisdiction of the subject-matter and of the par-
    ties, its judgment cannot be collaterally attacked on the ground of any
    defect or irregularity in the proceedings.

In Error to.the Supreme Court of the Territory of Hawaii.

Suit by Meleana Kalehua against Henry Clark.   A decree for de-
fendant was affirmed by the Supreme Court of the territory of Hawaii,
and plaintiff brings error.   Affirmed.

Andrews & Pittman, Lorrin Andrews, and Wm. B. Pittman, all of
Honolulu, T. H., for plaintiff in error.

Antonio Perry, Carlos A. Long, and Noa W. Aluli, all of Honolulu,
T. H., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge.   In a suit which was brought in the cir-
cuit court of the First judicial district of Hawaii to quiet title to land,
Meleana Kalehua, the plaintiff, and Henry Clark, the defendant, each
claimed to have inherited the land from Alexandrina Leihula Clark,
who died intestate.   The plaintiff claimed title as cousin and next of
kin of the decedent.   The defendant claimed as her surviving hus-
band.

Under the laws of Hawaii, if the decedent left no relative nearer of
kin than cousin, the surviving husband was entitled to inherit the
whole of her estate.   The marriage of the defendant to the decedent
was admitted, but the plaintiff contended that the marriage was in-
valid, for the reason that at the time when it was contracted the de-
fendant had a wife then living.   The marriage was contracted on Au-
gust 6, 1912.   The former wife of the defendant had obtained a decree
of divorce from him on October 26, 1911, but that decree it is said was
void.   The facts as to that suit for divorce are the following:   On Au-
gust 2, 1911, the suit was begun, and on the following day the defend-
ant filed his answer, admitting the jurisdictional facts, but denying the
alleged grounds for divorce.   On August 8, 1911, the defendant filed

⊛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

his consent to a hearing of the case on that day, and a hearing was had, and a decree of divorce was entered. But on October 19, 1911, the Supreme Court of Hawaii in Markle v. Markle, 20 Hawaii, 633, construing the statutes of the territory with reference to divorce proceedings, ruled that circuit judges were without jurisdiction to hear or determine divorce cases until the expiration of 30 days after the completion of service of summons on the defendant. In pursuance of that ruling, the circuit court set aside its former decree, and on October 26, 1911, again heard the case on the evidence, and entered a decree of divorce. In the present suit to quiet title the circuit court held that the decree of divorce so rendered was valid, and that the defendant had been legally married to Alexandrina Leihula Clark, and that he was her sole heir at law. That decree, on appeal to the Supreme Court of the territory, was affirmed.

[1-3] It is contended that the Supreme Court of the territory erred in holding that the divorce was valid. That court had already decided in Estate of Clark, 23 Hawaii, 451, that a decree of divorce rendered by a court which had jurisdiction of the subject-matter and of the parties could not be collaterally attacked for errors or irregularities, and that the fact that a defendant was not notified of the time of a second trial, the original decree having been vacated, was not such a jurisdictional defect as would render the second decree void. This was held in view of the fact that there was no statute of the territory requiring that notice of the trial be given to the defendant in divorce proceedings, and that the defendant in that case had filed his written consent that the case be tried on the issues as made, and had made no appearance in person or otherwise at the first hearing. We see no reason why the construction so given by the Supreme Court of the territory to the laws of Hawaii and the procedure of the territorial courts should not be accepted. If the defendant in the divorce suit had the right to object to the action of the circuit court in proceeding to try that suit without further notice to him after he had once consented that the cause should go to trial, it was an objection of which he never availed himself. If there was a defect in the proceedings, it was no more than a mere irregularity; it certainly did not render the decree void. After a decree or judgment is opened or set aside, the action is left still open and undetermined, and further proceedings may be had therein. 23 Cyc. 974; Kelly v. Harrison, 69 Miss. 856, 12 South. 261; Stubbs v. McGillis, 44 Colo. 138, 96 Pac. 1005, 18 L. R. A. (N. S.) 405, 130 Am. St. Rep. 116; Cobb v. Works, 58 Tex. Civ. App. 546, 125 S. W. 349. Where a court has jurisdiction of the subject-matter and of the parties, its judgment cannot be collaterally attacked on the ground of any defect or irregularity in the proceedings. Cooper v. Reynolds, 10 Wall. 308, 19 L. Ed. 931; Gunn v. Plant, 94 U. S. 664, 24 L. Ed. 304; Salter v. Hilgen, 40 Wis. 363; 23 Cyc. 1090, 1094.

The decree is affirmed.