## GUNN *v.* PLANT.

1. In Georgia, the omission to record the verdict upon which the judgment was rendered does not deprive the plaintiff of his lien upon the real estate of the defendant.
2. A judgment duly entered by a court having jurisdiction of the parties, and of the subject-matter in controversy, is, notwithstanding irregularities in matters of form, binding, until set aside or reversed.

APPEAL from the Circuit Court of the United States for the Southern District of Georgia.

This is a bill in equity, filed Jan. 12, 1872, by I. C. Plant & Son, against Joseph E. Murray, trustee in bankruptcy of James H. Woolfolk, bankrupt, and Daniel F. Gunn, guardian, to restrain Murray, the trustee, from applying money in his hands arising from the sale of certain lands of the bankrupt to the payment of a judgment in favor of Gunn, and asking that a debt in their favor, secured by a mortgage upon the lands sold, and for which they had obtained a decree of foreclosure and sale at the October Term, 1869, of the Jones County Superior Court, be paid in preference. The bill also asks, that, if the judgment of Gunn is found to be valid, and a lien upon the property superior to their mortgage, he may be compelled to exhaust other lands bound for the payment of the judgment before resorting to the fund.

The bill, after stating the mortgage to the complainants, bearing date Dec. 7, 1868, and the sale of the property by the trustee, proceeds as follows: —

" And your orators state that the said Daniel F. Gunn, guardian, claims that the moneys . . . should be applied toward the payment of a judgment obtained by him at the November Term, 1866, of the

Superior Court of Bibb County, in said State, for the principal sum of $11,212.38, against Thomas J. Woolfolk and James H. Woolfolk, as principals, and John W. Woolfolk, as surety. Your orators further state that said judgment in favor of said Gunn, guardian, was entered on what purports to be a verdict rendered by a jury at the term of the court at which said judgment was entered as aforesaid, but which alleged verdict was not entered on the minutes of that court at the said term, as your orators are advised and believe; nor was the same entered on the minutes of the court at all until the April Term, 1871, of said court, when it was ordered to be entered, *nunc pro tunc*, on the minutes thereof, to which order a bill of exceptions was filed, and is now pending in the Supreme Court of the State."

And among the interrogatories which the defendants were required to answer was one as follows: —

"Whether the judgment of said Gunn, guardian as aforesaid, was not entered on what purports to be a verdict which was not entered on the minutes of the court until the April Term, 1871, thereof, and whether a bill of exceptions is not now pending for allowing it to be then entered on the minutes."

The answer of Gunn states that, "at the November Term, 1866, a verdict was regularly rendered, by a jury empanelled and sworn in the case on the original declaration filed therein, and signed by the foreman of the jury, in favor of said Gunn, guardian, against said defendants as aforesaid, for the sum aforesaid, and which verdict was regularly returned into court, and filed in the clerk's office at said term, and entered upon the judge's docket, in the handwriting of the then presiding judge, and, at the same term, a judgment was regularly entered on said verdict; but, afterwards, by omission of the clerk, respondent admits the same was not entered on the minutes of the court, and respondent avers the validity of the verdict was perfect; and respondent admits that, at a subsequent term, to wit, the April Term, 1871, said omission having been discovered, the presiding judge, on motion, ordered said verdict to be entered on the minutes *nunc pro tunc*, and which was accordingly done."

And again, in answer to the interrogatory, he admitted that the judgment "was entered on a verdict, which verdict was

not entered on the minutes of the court until the April Term, 1871, thereof."

Murray, in his answer, says the facts in relation to the judgment are correctly stated in the bill.

The "transcript of the record from Bibb Superior Court" shows a judgment at the November Term, 1866, as follows:—

"Principal, $11,212$\frac{38}{100}$; interest to

"Whereupon, it is considered by the court that the plaintiff do recover of defendants, Thomas J. Woolfolk, James H. Woolfolk, and John W. Woolfolk, the sum of eleven thousand two hundred and twelve (11,212) dollars and thirty-eight cents, for principal debt, and        dollars and        cents, for interest to        , and the sum of        dollars and        cents, for costs in this behalf expended, and the defendant be in mercy.

"Judgment signed this twenty-first day of November, 1866.

"N. H. Bass, *Plaintiff's Attorney.*"

Upon this judgment an execution was issued, Nov. 28, 1866, upon which are indorsed payments, Dec. 7, 1868, $600; Jan. 20, 1869, $2,200; Feb. 1, 1869, $2,400; Feb. 15, 1869, $1,500.

At the April Term, 1877, the following entries appear upon the minutes:—

| "Daniel F. Gunn<br>*v.*<br>Thos. J. Woolfolk, James H. Woolfolk, John W. Woolfolk, Security. | Complaint in Bibb Superior Court, May Term, 1866, and verdict to November Term, 1866. |
|---|---|

"It appearing to the court that the plaintiff failed to enter his judgment for the interest, as contemplated by the verdict, it is, therefore, ordered, upon motion of plaintiff's counsel, that plaintiff have leave to amend said judgment, so far as the interest is concerned, *nunc pro tunc.*

"Jemison & Nisbet, *Plaintiff's Attorneys.*"

| "Daniel F. Gunn<br>*v.*<br>Thos. J. Woolfolk, James H. Woolfolk, John W. Woolfolk, Security. | Complaint in Bibb Superior Court, May Term, 1866, and verdict to November Term, 1866. |
|---|---|

"It appearing to the court, from the entry upon the bench-docket, and from the original papers of file in the above-stated case,

that a verdict was rendered by the jury at the November Term, 1866, of this court, and that the clerk of this court failed to enter said verdict upon the minutes of the court, upon motion of counsel for plaintiff, it is ordered that said verdict be entered *nunc pro tunc.*       " HUNTER, JEMISON, & NISBET,

" *Plaintiff's Attorneys.*"

May 1, 1871, the defendants in the judgment moved the court to set aside the *fi. fa.,* " and the judgment on which it claims to be founded, because the same, or either of the same, is not founded on any legal verdict, or other legal authority, because said *fi. fa.* and judgment are without legal authority, and cannot be found on the minutes of the court." In support of this motion, they filed a paper, in which they stated " that no verdict was ever rendered in the cause, and deny that the entry on the declaration in said case of what purported to be a verdict was in fact the verdict of any jury duly rendered in said case." These objections were overruled, and the following entry then made on the minutes : —

" Whereupon, it is considered by the court that plaintiff do recover of the defendants, T. J. Woolfolk, J. H. Woolfolk, and J. W. Woolfolk, security, in addition to the sum of $11,212 principal, interest on said sum of $11,212.38, from the fourteenth day of April, eighteen hundred and sixty (A.D. 1860), until paid. This judgment for interest to take effect now for then.

" JEMISON & NISBET, *Plaintiff's Attorneys.*"

After the filing of the bill in this case, the Supreme Court, March 12, 1872, entered the following judgment upon the bill of exceptions : —

" THOMAS J. WOOLFOLK *et al.,* Plaintiffs in Error,

*v.*

DANIEL F. GUNN, Defendant in Error.

" This case came before the court upon a transcript of the record from the Superior Court of Bibb County, and, after argument had, it is considered and adjudged by the court that the judgment of the court below be affirmed, provided that the defendant in error shall, upon entering the remitter in his case upon the minutes of the Superior Court, as the judgment thereof, file thereon an agreement that nothing in the judgment allowing these amendments shall

interfere with the rights of the security hereafter to plead any release or discharge of himself which the law may impose, growing out of any damages coming to him from the failure of the plaintiff in the suit to have his verdict entered at the proper time."

Pursuant to this order, Gunn filed the required agreement, and judgment was entered upon the minutes of the Superior Court accordingly.

The Circuit Court having given a decree directing the payment of the mortgage of Plant & Son, in preference to the judgment in favor of Gunn, and ordering that the balance of the fund in the hands of the trustee be distributed by the court in bankruptcy according to the legal priorities of the creditors, Gunn brought the case here by appeal.

*Mr. Thomas M. Norwood* for the appellant.

*Mr. Clifford Anderson, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The facts in this case, as they are presented to us by the pleadings and proof, are as follows : —

In the suit of *Gunn* v. *Woolfolks*, a verdict was rendered in due form by a jury, but, through the omission of the clerk, it was not spread upon the minutes of the court. Notwithstanding this, however, a judgment was regularly entered. That is expressly stated in the bill, and shown by the transcript of the record of the Superior Court. Such a judgment was also recognized by the court as actually existing in due form, when, at the subsequent term, an entry of the verdict upon the minutes, *nunc pro tunc*, was allowed, and a judgment given for the interest. The statement in the answer of Gunn, that " at the same term a judgment was regularly entered upon the verdict," but admitting " that afterwards, by omission of the clerk, the same was not entered on the minutes;" while, taken by itself, perhaps implying that the judgment was not entered, was evidently intended to apply only to the verdict ; for it is expressly averred that the judgment was regularly entered upon the verdict, and that the only omission complained of was supplied by the subsequent record of the verdict. This, too, is in accordance with the theory of the bill, which is, that, at the time the

mortgage was executed to the complainants, the judgment was not a lien, for want of a verdict appearing on the minutes to support it. The learned circuit judge, who decided the case below, says in his opinion that "the only evidence of any verdict or judgment . . . is in the verdict of the jury indorsed on the declaration, and a judgment for the principal sum due, also written upon the back of the declaration by the plaintiff's attorney, and signed by him;" but there is no such evidence before us. Here the record shows a judgment duly entered, with nothing to indicate that it was only a "memorandum of counsel." Our decision must be upon the case as it comes to us, and not upon what it may have been below.

No question is raised as to the right of Gunn to assert his lien for the interest on his debt, under the amendment to the judgment as entered in April, 1871, because the amount of money in the hands of the trustee is not enough to discharge the balance of principal due. When the second entry was made, the original judgment was not set aside, or amended even, but a new judgment was entered for the interest.

Upon this state of facts, the question presented for our determination is, whether a judgment otherwise duly entered is void, if the verdict on which it was rendered had not been recorded in the minutes; for, if voidable only, it is good until reversed by a direct proceeding for that purpose, and cannot be impeached collaterally.

It is very clear that a decision of a court is not technically a judgment, until in some form it has been entered of record. If entered in the course of judicial proceedings, of which the court has jurisdiction, it is binding until reversed or set aside, no matter how irregular it may be as to matters of form. *Cooper* v. *Reynolds*, 10 Wall. 316. In this case a judgment was entered in due form. As a judgment, it was complete. There had been a verdict, and that appeared among the files in the cause. It was within the power of the court, therefore, to enter the judgment. The only defect in the proceedings is an omission to properly record the verdict. That seems to us an irregularity only. The court had jurisdiction of the cause and of the parties, and in due course of proceeding had the power to enter the judgment, and did so. This the record shows. A person inter-

ested in the question would, upon application at the clerk's office, have found a judgment recorded in the proper place. In the form it was entered, it was a lien upon the lands of the defendant. This was the essential fact. It matters not that the record also disclosed an irregularity, for which, unless it could be cured, the judgment as recorded might, upon proper application, be set aside; for, until set aside, it continued in force as a subsisting lien.

In this particular the case is different from that of *Administrators of Liger* v. *Rogers*, 12 Ga. 289. There the judgment as entered did not create the lien. The amendment subsequently made was necessary to give it that effect, and between the date of the original entry and the amendment a purchaser without notice had intervened. Here the lien is complete if the judgment stands. The only question is whether it can stand. The amendment to the record is not to give the judgment additional effect, but to sustain the effect it already has. Finding it recorded, a purchaser would be put upon inquiry for the verdict, and such an inquiry would have discovered it on the files. True, it should have been entered on the minutes. That was the duty of the clerk, and, if he fails in this, "the court may at any time have the misprision corrected." *Pearce* v. *Bruce*, 38 id. 451.

We think, too, the case is distinguishable from that of *Lea* v. *Yates*, 40 id. 56. There, in a suit pending, "the counsel for the defendant made the following confession, which was entered on the minutes as made: 'We confess judgment to the plaintiff for the sum of $——, with interest and costs, reserving the right of appeal.' Upon this confession, the counsel for the plaintiff entered up judgment for $224.58 principal, and $4.71 of interest." At a subsequent term of the court an order was passed filling the blank in the confession to correspond with the judgment; but in the mean time the judgment debtor had sold the lands which were the subject-matter of the controversy, and the question was, whether the lien of the judgment took effect as against this purchaser at the date of the original entry, or not until the amendment was made. The court held that it did not take effect until the amendment, and in the opinion uses this language: "Till this amendment was made, we think this judgment had no validity. It rested upon neither the ver-

dict of a jury nor a confession by the defendants for any thing but costs of suit. The amount of principal for which it was rendered had never been agreed upon by the parties; and, as there was no definite sum of principal, there could be no calculation of interest." In that case there was no authority for the judgment, and the record disclosed that fact. Here there was in the files of the cause the evidence of complete authority to render the judgment for all that was given and more. There is no necessity for supplying any defect in the authority as it actually existed. All that is required is to correct a "misprision" of the clerk, and record the verdict as it appeared in the files. It was in writing and signed by the foreman, in accordance with the practice in Georgia. The subsequent entry of the judgment is complete evidence of its acceptance by the court. The case of *Dornick* v. *Reichenback*, 10 S. & R. 90, is not an authority against this position; for in Pennsylvania the practice is, as appears in that case, not to take verdicts in writing, but to receive them "from the lips of the foreman, and record them in the usual way." In Georgia, however, they are delivered in writing, and kept with the files. In this way the evidence of what the verdict actually was can be preserved without an entry on the minutes.

We think, therefore, that, upon the case as it is presented to us, the court erred in deciding that the lien of the mortgage to the complainants was superior to that of the judgment of Gunn. In our opinion the judgment was valid, and a lien upon the property from the time of its rendition at the November Term, 1866.

The Circuit Court did not pass upon the other branch of the case; and, as the facts appearing in the record are not sufficient to enable us to decree affirmative relief in this particular, the decree of the Circuit Court will be reversed, and the cause remanded, with instructions to proceed in accordance with this opinion, as equity and justice may seem to require; and it is

*So ordered.*