**LUCAS, Commissioner of Internal Revenue, v. HUNT.**

**No. 5858.**

Circuit Court of Appeals, Fifth Circuit.

Dec. 30, 1930.

782

G. A. Youngquist, Asst. Atty. Gen., C. M. Charest, Gen. Counsel, Bureau Internal Revenue, and Stanley Suydam, Sp. Atty., Bureau Internal Revenue, both of Washington, D. C., and J. Louis Monarch, Norman D. Keller, and Hayner N. Larson, Sp. Assts. to Atty. Gen., (Stanley Suydam, Sp. Atty., Bureau Internal Revenue, of Washington, D. C., on the brief), for petitioner.

Harry C. Weeks, of Wichita Falls, Tex. (Weeks, Morrow, Francis & Hankerson, of Wichita Falls, Tex., on the brief), for respondent.

Before BRYAN and FOSTER, Circuit Judges, and HUTCHESON, District Judge.

BRYAN, Circuit Judge.

The Board of Tax Appeals, in a decision which the Commissioner of Internal Revenue brings here for review, held that an assessment for income and excess profit taxes for the year ending March 31, 1919, against J. C. Hunt, as a transferee of the assets of a taxpayer, the Burkburnett Refining Company, under section 280 of the Revenue Act of 1926, 44 Stat. 61 (26 USCA § 1069), was barred by the statute of limitations. 15 B. T. A. 1388.

The Burkburnett Refining Company, a Texas corporation, filed its return in August, 1919, and was dissolved in 1921 under a statute which provides for the continuance of its corporate existence and the management of its affairs by liquidators for three years, and afterwards, if necessary, for the appointment of a receiver. Hunt was president of the corporation and became one of the liquidators. In 1924, slightly more than three years after the date on which the corporation was dissolved, he as president and another as assistant secretary executed in the name of the corporation the statutory waiver or consent which purported to extend until August 2, 1925, the statutory period of limitation. The assessment in question was made in June 1925.

If the waiver was valid, then it is rightly conceded by counsel for Hunt that the assessment was not barred; but it is contended on his behalf that, the time within which he was authorized to act as liquidator having expired, the waiver had no binding force or effect. We are of opinion that Hunt by signing the waiver estopped himself to question its validity, with the result that he was bound to respond to the assessment to the extent of funds in his hands which belonged to the dissolved corporation taxpayer. The circumstances all show that the commissioner relied on the waiver and is therefore entitled to claim the equitable estoppel asserted by counsel in his behalf.

The waiver was executed before the assessment was barred; without it the commissioner in the performance of his duty would have made the assessment within the statutory period. The very purpose he had in mind in requiring an extension of time was to make an assessment after the statutory period of limitation had run. It manifestly would be asking too much to require the commissioner in every case of waiver to testify positively from memory that he relied on the taxpayer's agreement.

The petition for review is granted, and the cause remanded for further proceedings not inconsistent with this opinion.