## PETROLEUM EXPLORATION v. BURNET, COMMISSIONER OF INTERNAL REVENUE.

No. 448. Argued February 8, 1933.—Decided March 13, 1933.

---

[10] Compare also Treasury Decision 4333, Internal Revenue Bulletin XI, April 11, 1932, No. 15, pp. 2, 3.

*Mr. Robert Ash* for petitioner.

*Assistant Attorney General Youngquist,* with whom *Solicitor General Thacher,* and *Messrs. Whitney North Seymour, Sewall Key,* and *Andrew D. Sharpe* were on the brief, for respondent.

By leave of Court, briefs of *amici curiae* were filed as follows: by *Messrs. Thomas R. Dempsey* and *A. Calder Mackay;* by *Mr. R. B. Goodell,* on behalf of Petroleum Reclamation Corp.; and by *Messrs. George W. Wickersham* and *Clarence Castimore,* on behalf of Ameract. Corporation.

MR. JUSTICE STONE delivered the opinion of the Court.

Petitioner, a Maine corporation, in making its tax returns of income derived from the operation of oil wells in the years 1925, 1926, and 1927, claimed a deduction from gross income of a depreciation allowance on account of the capitalized costs of drilling the oil wells. The Commissioner refused to allow the deductions and assessed a corresponding deficiency against the taxpayer. On appeal the Board of Tax Appeals held that the deductions should have been allowed. 23 B. T. A. 890. On petition for review the Court of Appeals for the Fourth Circuit reversed the order of the Board. 61 F. (2d) 273. The court held that the deductions claimed were included in the depletion allowance fixed by § 234 (a) (8) of the Revenue Act of 1926 at 27½% of petitioner's gross income for the years in question, and could not be allowed as depreciation of improvements. This Court granted certiorari to resolve a conflict of the decision below with that of the

Court of Claims in *Dakota-Montana Oil Co.* v. *United States,* 59 F. (2d) 853. For reasons stated in *United States* v. *Dakota-Montana Oil Co.,* decided this day, *ante,* p. 459, the Commissioner rightly refused to allow the deductions claimed and the judgment below is

*Affirmed.*