## AMERICAN S. S. CO. v. WICKWIRE SPENCER STEEL CO.

District Court, S. D. New York.
Aug. 17, 1934.

Martin Conboy, U. S. Atty., of New York City (Walter H. Schulman, of New York City, of counsel), for claimant.

Henry E. Kelley, of New York City, for receivers.

PATTERSON, District Judge.

The defendant is in equity receivership on creditor's bill. The United States filed a claim for $303,752.19 as additional income tax for the year 1918, claimed as due from Morgan Spring Company originally and from the defendant as transferee. The receivers rejected the claim. The matter was referred to a special master to take testimony and report. The special master had made findings of fact and has reported in favor of the United States.

The Morgan Spring Company, a Massachusetts corporation and the original taxpayer, transferred all its assets in June, 1919, to Wickwire Spencer Steel Corporation (then known as Clinton Wright Wire Company), which agreed to assume and pay all obligations of the Morgan Company then outstanding. The Wickwire Spencer Steel Corporation had already acquired the entire capital stock of the Morgan Company, and after the transfer of assets the latter was an empty shell, without assets or business. It was not formally dissolved, however, until March 31, 1924. In February, 1925, the defendant, pursuant to a plan of reorganization, took over all the assets and assumed all the liabilities of Wickwire Spencer Steel Corporation, such assets including part of the original Morgan Company assets. The Morgan

assets thus acquired in succession by the Wickwire Spencer Steel Corporation and by the defendant had a value in excess of the alleged tax deficiency of the Morgan Company.

The Morgan Company had filed its 1918 tax return on May 20, 1919. The limit of time for additional assessment of tax for 1918, five years, would normally expire on May 20, 1924. On March 18, 1924, the Commissioner made an additional assessment of $44,695.99 against the Morgan Company. The Wickwire Spencer Steel Corporation then filed a claim for abatement in behalf of the Morgan Company and requested that collection be deferred until the merits of the alleged deficiency should be decided. Collection was deferred. Thereafter three statutory waivers were signed, purporting to extend the government's time for assessing and collecting the 1918 tax. All of these waivers named the Morgan Company as the taxpayer. The first was on May 8, 1924, and was for one year; it was signed "Morgan Spring Company, Wickwire Spencer Corporation, successor, G. V. Pach, Assistant Treasurer." This waiver was not signed by the Commissioner; it was referred to, however, in a letter signed by the Commissioner on December 3, 1924, and sent to the Morgan Company. The second waiver was on January 31, 1925, and was an extension to December 31, 1925; it was signed "Morgan Spring Company, Taxpayer, G. V. Pach, Treasurer of Suc. Co." The third was on November 17, 1925, and was an extension to December 31, 1926; it was signed "Wickwire Spencer Steel Company, Successor, G. V. Pach, Treasurer." The second and third waivers were signed by the Commissioner in due course. During this entire period of 1924–1926, the Wickwire Spencer Steel Corporation and later the defendant were negotiating with the Commissioner and protesting against the additional assessment of $44,695.99 and a proposed further deficiency of $228,752.15 for the same year also said to have been due from the Morgan Company. A formal deficiency letter on the $228,752.15 was sent by the Commissioner to the Morgan Company on February 12, 1926.

It appears that on December 31, 1927, the Commissioner turned his attention to the defendant and made an assessment against it as transferee of the Morgan Company. It is this assessment against the defendant that is sought to be enforced in the present claim. The assessment was for $303,752.99, made up of the earlier assessment of $44,695.99 against the Morgan Company, the alleged additional deficiency of $228,752.15, and interest on both amounts to December 31, 1927.

Meanwhile there had been instituted a proceeding in the name of the Morgan Company before the Board of Tax Appeals, the determination of which is relied on by the receivers as a binding adjudication against the present claim of the United States. The proceeding, though nominally brought by the Morgan Company, was directed and controlled by the defendant and later on by its receiver. A petition was filed by the Morgan Company on April 26, 1926, to review the alleged deficiency of $228,752.15. The petition set forth, among other grounds of alleged illegality, that the period for assessment and collection of tax for 1918 had expired prior to the deficiency notice, and that no waivers had been signed by the taxpayer. A hearing was held on June 19, 1928, before a member of the Board sitting as a division. The petitioner withdrew all matters assigned as errors except those based on the statute of limitations. At the conclusion the division held orally that the taxpayer had sustained the defense of limitations; that the Commissioner had not established that the three waivers had been executed by authority of the Morgan Company; that the waivers were therefore not binding on it; that accordingly there was no deficiency due from the Morgan Company. These findings and conclusions were recorded in the stenographic minutes. The next day the member who heard the case entered in the records a decision whereby it was adjudged "that there is no deficiency for 1918." The United States took no proceedings to have the decision reviewed on appeal.

Prior to the hearing on this petition the 1928 Revenue Act had become effective. By that act certain changes in procedure relative to cases before the Board were adopted. It was provided that the report of a division on a case "shall become the report of the Board within 30 days after such report by the division, unless within such period the chairman has directed that such report shall be reviewed by the Board," Revenue Act 1924, § 906 (b), as added by Revenue Act 1926, § 1000, as amended by Revenue Act 1928, § 601, 26 USCA § 1217 (b); and that the decision of a case "shall be made by a member in accordance with the report of the Board, and such decision so made shall, when entered, be the decision of the Board," section 907 (a), as added in 1926 and amended in 1928, 26 USCA § 1219 (a).

Other facts are set forth in the findings of the special master. Neither the United States nor the receivers offered any proof as to the correct amount of the 1918 tax of the Morgan Company.

■ 1. The assessment of the tax is prima facie correct, casting on the party resisting the claim the burden of showing that the Commissioner's computation was erroneous. United States v. Rindskopf, 105 U. S. 418, 26 L. Ed. 1131; Wickwire v. Reinecke, 275 U. S. 101, 48 S. Ct. 43, 72 L. Ed. 184; Brunton v. Commissioner, 42 F.(2d) 81 (C. C. A. 9), certiorari denied 282 U. S. 889, 51 S. Ct. 101, 75 L. Ed. 783; Burnet v. Petroleum Exploration, 61 F.(2d) 273 (C. C. A. 4), affirmed 288 U. S. 467, 53 S. Ct. 439, 77 L. Ed. 898. There being no evidence either way as to the actual tax liability of the Morgan Company, it must be concluded that the Morgan Company failed to pay its proper tax for the year 1918 by the amount here in dispute. The question is whether the deficiency may be collected from the defendant as transferee.

■ 2. The defendant as transferee of the taxpayer's property incurred liability for payment of the deficiency in tax. For one thing, the defendant's predecessor made an express agreement to assume and pay the liabilities of the Morgan Company, and the defendant in turn assumed the liabilities of its predecessor. Warner Collieries Co. v. United States, 63 F.(2d) 34 (C. C. A. 6). Independently of express assumption, the defendant succeeded to the entire assets of the Morgan Company, and those assets had a value substantially in excess of the tax liability. Phillips v. Commissioner, 283 U. S. 589, 51 S. Ct. 608, 75 L. Ed. 1289; Hatch v. Morosco Holding Co., 50 F.(2d) 138 (C. C. A. 2), certiorari denied (Irving Trust Co. v. U. S., 284 U. S. 668, 52 S. Ct. 42, 76 L. Ed. 565; United States v. Garfunkel, 52 F.(2d) 727 (D. C. N. Y.). The United States therefore had a cause of action against the defendant enforceable by suit in equity or action at law, or it might proceed by summary administrative measures under section 280 of the 1926 Revenue Act (26 USCA § 1069 and note). Phillips v. Commissioner, supra. The Commissioner adopted the latter course when he made the assessment of December 31, 1927, against the defendant as transferee.

■ 3. The assessment of December 31, 1927, must be deemed a timely one. Under the act of 1926 (section 280) as well as under subsequent acts, the period of assessment against a transferee does not expire until one year after expiration of the period of limitation for assessment against the original taxpayer. The return having been filed on May 20, 1919, the time for assessment against the Morgan Company would ordinarily have expired May 20, 1924. But a series of waivers of time for assessment of tax was signed by Wickwire Spencer Steel Corporation and by the defendant, both of them acting ostensibly for the Morgan Company, and these successive waivers purported to bring the time for assessment against the Morgan Company down to December 31, 1926. It is unnecessary here to determine whether these waivers were authorized by the Morgan Company or were in any way binding on it. The defendant represented that it had authority to sign them in behalf of that company and is equitably estopped now to maintain the contrary. On this feature Lucas v. Hunt, 45 F.(2d) 781 (C. C. A. 5), is directly in point. There the Commissioner made an assessment against Hunt as transferee of the assets of a dissolved corporation which owed the tax. Hunt was one of the liquidators and signed a waiver in the name of the corporation after expiration of his authority to act for the corporation. The court said (page 782 of 45 F.(2d): "If the waiver was valid, then it is rightly conceded by counsel for Hunt that the assessment was not barred; but it is contended on his behalf that, the time within which he was authorized to act as liquidator having expired, the waiver had no binding force or effect. We are of opinion that Hunt by signing the waiver estopped himself to question its validity, with the result that he was bound to respond to the assessment to the extent of funds in his hands which belonged to the dissolved corporation taxpayer. The circumstances all show that the commissioner relied on the waiver and is therefore entitled to claim the equitable estoppel asserted by counsel in his behalf."

As between the parties now before the court, therefore, the assessment must be deemed to have been made before the time when assessment and collection from the transferee would have been barred.

■ The efficacy of the waivers in other respects is plain. It is true that the first one was not signed by the Commissioner. It was, however, referred to in a later writing signed by him, and this is a good equivalent. R. H. Stearns Co. v. United States, 291 U. S. 54, 62, 54 S. Ct. 325, 78 L. Ed. 647. In any event, the two subsequent waivers were un-

exceptional as to signature of the Commissioner and were of themselves sufficient extensions of the time. See Stange v. United States, 282 U. S. 270, 51 S. Ct. 145, 75 L. Ed. 335; McDonnell v. United States, 288 U. S. 420, 53 S. Ct. 410, 77 L. Ed. 869.

4. The receivers say that the decision of the Board of Tax Appeals in the proceeding instituted by the Morgan Company is a binding determination against the collectability of the claim now being tried. This argument must be rejected.

The rule of res judicata is that a final judgment or decree on the merits by a court of competent jurisdiction is conclusive of the rights of the parties or their privies in all later suits on the points and matters determined in the former suit. Russell v. Place, 94 U. S. 606, 24 L. Ed. 214; Johnson Co. v. William Wharton, Jr., & Co., 152 U. S. 252, 14 S. Ct. 608, 38 L. Ed. 429; Lander v. Mercantile Bank, 186 U. S. 458, 22 S. Ct. 908, 46 L. Ed. 1247.

The Board of Tax Appeals, while not a court (Old Colony Trust Co. v. Commissioner, 279 U. S. 716, 725, 49 S. Ct. 499, 73 L. Ed. 918), has by statute been endowed with capacity to render decisions final and binding on both Commissioner and taxpayer unless reversed on appeal. Revenue Act 1926, § 1005 (26 USCA § 1228). Its decisions in matters over which it has jurisdiction are therefore not open to collateral attack, and it cannot be doubted that in this sense a decision of the Board is comparable to the judgment of a court. See Donald v. J. J. White Lumber Co., 68 F.(2d) 441, 442 (C. C. A. 5).

It may be assumed, without deciding the point, that the decision in the Morgan Company case was a final decision of the Board, despite the fact that it was entered only one day after the report of the division that heard the case. The statutory provisions in effect since the 1928 act doubtless contemplate that between the report of a division and the final decision of the Board there shall be an interval of thirty days, during which the report of the division shall ripen into the report of the Board unless upset by the Board as a whole; but it may well be that the premature entry of the decision was no more than an irregularity and does not open up the proceeding to collateral attack. Fourniquet v. Perkins, 7 How. 160, 12 L. Ed. 650; Cooper v. Reynolds, 10 Wall. 308, 19 L. Ed. 931; Gunn v. Plant, 94 U. S. 664, 24 L. Ed. 304; Throckmorton v. Hickman, 279 F. 196, 200 (C. C. A. 3). The further assumption may be made that the parties to the present proceeding are privies to those in the proceeding before the Board. The parties there were the Commissioner and the Morgan Company. The United States is certainly in privity with the Commissioner. Tait v. Western Maryland Ry. Co., 289 U. S. 620, 53 S. Ct. 706, 77 L. Ed. 1405. And it is quite possible that the defendant, transferee and sole stockholder of the Morgan Company and liable only by derivation from that company, is in privity with it. See Bigelow v. Old Dominion Copper Co., 225 U. S. 111, 127, 32 S. Ct. 641, 56 L. Ed. 1009, Ann. Cas. 1913E, 875; Portland Gold Mining Co. v. Stratton's Independence (C. C. A. 8) 158 F. 63, 16 L. R. A. (N. S.) 677; City of New York v. New York City Ry. Co., 193 N. Y. 543, 86 N. E. 565.

But the receivers' argument fails because there is no identity of issues in the two cases. The point decided in the case before the Board was that the waivers had not been authorized by the Morgan Company, and that consequently the collection of the tax from that company was barred by limitations. The decision of "no deficiency" means nothing more. There was no decision as to the initial tax liability; that issue was withdrawn from the case by the Morgan Company and faded out of the picture altogether. The Supreme Court said of a similar decision by the Board: "The effective scope of the decision rendered is no broader than the issue, opinion, and findings." Gulf States Steel Co. v. United States, 287 U. S. 32, 44, 53 S. Ct. 69, 73, 77 L. Ed. 150. In the present case the United States contends as to the waivers: First, that the Morgan Company did in fact authorize the defendant to execute them in its behalf; and, second, that in any event the defendant held out to the United States that it had authority to execute them for the Morgan Company and therefore is estopped by its own representation to deny that proper authority existed. On the first contention the decision of the Board in the former case would seem to be a binding adjudication against the United States. But that decision manifestly does not touch the second contention and cannot be deemed an adjudication of it. And the second contention, as a ground of holding that collection from the defendant is not barred, is fully as effective as the first. Lucas v. Hunt, supra.

It may be granted that the Board's decision is a conclusive determination that collection of the $228,752.15 deficiency from the transferor was barred. It does not follow

that collection from the transferee is barred. City National Bank v. Commissioner, 55 F.(2d) 1073 (C. C. A. 5), certiorari denied 286 U. S. 561, 52 S. Ct. 643, 76 L. Ed. 1294. There nothing was done by the government to collect the tax from the transferor until after expiration of the five-year statute of limitations. A deficiency notice was sent to the transferee, however, within the extra year permitted by section 280 as to transferees. It was held that the tax could be collected from the transferee.

5. The receivers call attention to section 906 (e), Revenue Act 1924, as added by section 1000 of the Revenue Act 1926 (26 USCA § 1217 note), and urge that by force of that statute all liability for the tax on the part of any one became extinguished when the Board held that collection against the original taxpayer was barred. Section 906 (e), as amended by the 1928 act (26 USCA § 1217 (e), reads: "If the assessment or collection of any tax is barred by any statute of limitations, the decision of the Board to that effect shall be considered as its decision that there is no deficiency in respect of such tax."

A similar argument was held untenable in Gulf States Steel Co. v. United States, supra. There the United States sued on a bond by the taxpayer and a surety to pay so much of the tax as should not be "abated." Thereafter the taxpayer, on rejection of the claim for abatement, had taken the case to the Board of Tax Appeals and had obtained a decision that collection of the tax was barred by limitations and that consequently there was no deficiency. It was argued that this decision was transformed, by force of section 906 (e), into a decision that there never had been a deficiency in tax. The Supreme Court affirmed a judgment in favor of the United States on the bond. It was held that such a literal construction of the statute would lead to consequences "manifestly unjust, if not absurd" (page 45 of 287 U. S., 53 S. Ct. 69, 74); that no such intention would be imputed to Congress; that the statute would be given only its normal application in preventing distraint by the Commissioner on a tax the collection of which by suit was barred by limitations.

It may further be noted that section 1106 (a) of the 1926 Revenue Act (26 USCA § 1249 note), to the effect that the bar of limitations should not only bar the remedy but should also extinguish the tax liability, was repealed in the 1928 Revenue Act (section 612, 45 Stat. 875), to take effect retro-actively. In view of that repeal, it is scarcely conceivable that Congress would have allowed the section under discussion to remain in force if it had the effect, now attributed to it by the receivers, of converting a decision that collection of tax was barred by lapse of time into a decision that there never had been any liability for the tax.

It follows that the claim of the United States against the defendant is a valid one. The findings of fact of the special master will be confirmed, except those relative to the actual authority of the Wickwire Spencer Steel Corporation and the defendant to act as agents of the Morgan Spring Company in signing the waivers; as to the latter no findings will be made. The report of the special master will stand, except as to the conclusion that the decision entered as that of the Board of Tax Appeals is not a final adjudication by the Board, and as to the conclusion that the Wickwire Spencer Steel Corporation and the defendant had actual authority from Morgan Spring Company to execute waivers in its behalf. With these two conclusions omitted, the report will be confirmed. The priority of the claim is not now in issue and will not be determined. Settle order on two days' notice.