**WILSON v. ADERHOLD, Warden.**
**No. 8122.**

Circuit Court of Appeals, Fifth Circuit.
July 7, 1936.
Rehearing Denied Aug. 24, 1936.

W. L. Wilson, of Atlanta, Ga., in pro. per.

Lawrence S. Camp, U. S. Atty., Harvey H. Tisinger, Asst. U. S. Atty., and H. T. Nichols, Sp. Asst. to U. S. Atty., all of Atlanta, Ga., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

The District Court for the Northern District of Georgia, on the face of his peti-

tion, denied the appellant's application for a writ of habeas corpus, and he appeals. From the petition, it appears that he is confined in the United States Penitentiary in Atlanta, Ga., by virtue of a sentence imposed upon him by the United States District Court for the Middle District of Tennessee upon an indictment in two counts for forgery and uttering a forged instrument, respectively, in violation of section 29 of the Penal Code (18 U.S.C.A. § 73). The record shows that, after a plea of not guilty and his conviction by a jury, he was sentenced to "be confined for a period of four years in some institution to be designated by the Attorney General or his duly authorized agent and forfeit and pay to the United States a fine of Two Hundred ($200.00) Dollars for which execution may issue. And thereupon the defendant gave notice of appeal."

While the record is silent as to what took place on appeal, it is stated in the brief of appellant that the appeal was dismissed. It further appears that there was entered in the District Court a "judgment after appeal," which recites that the cause coming on to be heard on mandate from the United States Circuit Court of Appeals, the defendant, W. L. Wilson, was ordered taken into custody by the marshal under the sentence theretofore imposed, which was to be effective from November 21, 1934. A mittimus was duly issued, but we look to the sentence to determine its force and effect. Hill v. U. S. ex rel. Wampler, 56 S.Ct. 760, 80 L.Ed. —— (May 18, 1936).

Having served about eighteen months of a four years' sentence, the appellant predicates his claim for a discharge on several grounds, of which all but one relate to alleged infirmities in the form of the indictment or irregularities in the finding or return of the same by the grand jury. For instance, it is alleged that the indictment does not show a concurrence in its return by at least twelve of the grand jurors. It is not alleged that anything was omitted which was requisite to the validity of the indictment, but the allegation is that the indictment itself does not show the requisite concurrence. The indictment bears the inscription, signed by the clerk, that it was filed in open court March 5, 1932, and recites its presentation upon their oaths by the grand jurors after having been duly summoned, elected, impaneled, sworn, and charged to inquire for the body of the divi-

sion and district aforesaid. We find in the petition no allegation of fact from which to conclude that there was any irregularity or omission in the finding or presentation of the indictment, and certainly none which could be availed of after verdict. Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L. Ed. 1036; United States v. Wilson, 28 Fed. Cas., page 725, No. 16737.

There is a further objection based upon "the failure to incorporate a true copy of the alleged forged instrument in the illegal indictment," which it is alleged "intentionally barred the defense from securing an opinion from an expert on handwriting to submit to the trial court." This objection comes too late when raised for the first time in a proceeding for writ of habeas corpus. Pellegrino v. Aderhold (C.C.A.) 55 F.(2d) 1074.

As to other alleged infirmities in the indictment, it is necessary only to say that it charges in each count with reasonable certainty the offense intended; and, it appearing that the court had jurisdiction over each offense charged, as well as over the person of the accused, the sufficiency of the indictment cannot be reviewed after verdict and judgment in a collateral proceeding such as this. Aderhold v. Hugart (C.C.A.) 67 F.(2d) 247.

The final contention of appellant is that the sentence is void because it fails to designate the type of institution to be used for his imprisonment. The section of the act which controls is as follows:

"*Persons Convicted of Federal Offenses; Place of Confinement; Transfers.* All persons convicted of an offense against the United States shall be committed, for such terms of imprisonment and to such types of institutions as the court may direct, to the custody of the Attorney General of the United States or his authorized representative, who shall designate the places of confinement where the sentences of all such persons shall be served. The Attorney General may designate any available, suitable, and appropriate institutions, whether maintained by the Federal Government or otherwise or whether within or without the judicial district in which convicted. The Attorney General is also authorized to order the transfer of any person held under authority of any United States statute from one institution to another if in his judgment it shall be for the well-being of the prisoner

808

or relieve overcrowded or unhealthful conditions in the institution where such prisoner is confined or for other reasons." May 14, 1930, c. 274, § 7, 46 Stat. 326, 18 U.S.C.A. 753f.

From this it appears that the sentence fails to comply with the directions of the statute in two particulars. It fails expressly to commit the defendant to the custody of the Attorney General of the United States or his authorized representative, and further omits specifically to designate any type of institution for the service of the term of imprisonment. On the other hand, after fixing the term of imprisonment and the amount of the fine, it announces the conclusion of law upon the facts found by the verdict of the jury; that conclusion being that he be confined for a period of four years in some institution to be designated by the Attorney General. The old form of judgments, "consideratum est per curiam," implied that the judgment was not so much the decision of the court as the sentence of the law pronounced after due deliberation and inquiry.

The section above quoted is part of an act to re-organize the administration of federal prisoners. It authorizes the Attorney General to contract for the care of prisoners and to establish federal jails. It creates in the Department of Justice a Bureau of Prisons to replace the Superintendent of Prisons. The Bureau is given charge of the management and regulation of federal penal and correctional institutions, and is made responsible for the safekeeping, care, protection, instruction, and discipline of federal prisoners, with certain exceptions. The statute mentions only two types of institutions, penal, and correctional. A sentence to serve a term in a penal institution could not be served in a correctional institution, except under authority given to the Attorney General to transfer prisoners. No doubt the defendant is entitled to insist upon the trial court, in the first instance, designating the type of institution, and a judgment which through error or oversight fails to do so is defective in form, and may be corrected on motion or by appeal, but such an error or omission does not render the judgment void and entitle the defendant to his discharge. Aderhold v. Edwards (C.C.A.) 71 F.(2d) 297; Gunn v. Plant, 94 U.S. 664, 24 L.Ed. 304.

The judgment is affirmed.