T.C. Memo. 1997-119


UNITED STATES TAX COURT


LEE M. BENTLEY AND AMSOUTH BANK OF FLORIDA, (f.k.a. FIRST
  NATIONAL BANK OF CLEARWATER), CO-TRUSTEES OF THE SEYMOUR C.
MICKLER TRUST, FBO LAURA M. BENTLEY, Petitioners v.
          COMMISSIONER OF INTERNAL REVENUE, Respondent

PATRICIA M. DAWSON AND AMSOUTH BANK OF FLORIDA,(f.k.a. FIRST
  NATIONAL BANK OF CLEARWATER), CO-TRUSTEES OF THE SEYMOUR C.
MICKLER TRUST, FBO PATRICIA DAWSON, Petitioners v.
          COMMISSIONER OF INTERNAL REVENUE, Respondent

     Docket Nos. 16067-95, 16070-95.        Filed March 10, 1997.


     David M. Boggs, for petitioners.

     Stephen R. Takeuchi, for respondent.


                    MEMORANDUM OPINION

     WRIGHT, Judge:  The above cases were consolidated on

December 29, 1995.  This matter is before the Court on

petitioners' Motion for Partial Summary Judgment pursuant to Rule 121.[1]  The issue presented is whether the decision entered by the Court in <u>Estate of Mickler v. Commissioner</u>, docket No. 15954-94 (occasionally docket No. 15954-94), that no estate tax deficiency exists, precludes petitioners from being liable as transferees under the principles of transferee liability.

Each petitioner's mailing address was in Clearwater, Florida, when the respective petitions were filed.  Seymour C. Mickler (decedent) died on March 9, 1990.  Petitioners served as co-personal representatives of decedent's estate and are currently cotrustees of two testamentary trusts that were created pursuant to decedent's will.

On June 10, 1991, decedent's estate (the estate) filed a timely Federal estate tax return.  Respondent subsequently determined an estate tax deficiency of $2,826,779 (the estate tax deficiency) and issued a notice of deficiency to the estate on June 13, 1994.  Hence, the notice of deficiency was issued 3 years and 3 days after the estate filed its Federal estate tax return.

On September 6, 1994, the estate filed a timely petition with the Court.  On April 21, 1995, the Court entered its decision in docket No. 15954-94.  The decision sets forth that,

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

pursuant to section 7459(e), there is no deficiency in the estate tax due from the estate because the statute of limitations under section 6501(a) precludes assessment and collection of any such deficiency. Neither party appealed that decision, and it became final on July 20, 1995, pursuant to sections 7481(a) and 7483.

Subsequent to the entry of the Court's decision in docket No. 15954-94, respondent determined that petitioners are liable as transferees of the estate for the estate tax deficiency. Accordingly, on June 9, 1995, and in accordance with section 6901(c)(1), respondent issued a notice of transferee liability to each petitioner. On August 21, 1995, petitioners filed timely petitions with the Court.

Under Rule 121(b), summary judgment is appropriate "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Preece v. Commissioner, 95 T.C. 594 (1990); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party has the burden of showing that no genuine issue exists as to any material fact and that he or she is entitled to judgment as a matter of law. Espinoza v. Commissioner, 78 T.C. 412, 416 (1982). In deciding whether to grant summary judgment, we view facts, and inferences drawn

therefrom, in the light most favorable to the opposing party. Naftel v. Commissioner, supra at 529.

In their above-referenced motion for partial summary judgment, petitioners advance two arguments. They first contend that the Court's decision in docket No. 15954-94 is dispositive on the issue of estate tax liability not only with respect to the estate but also with respect to them as transferees. In short, petitioners argue that they cannot be liable for the estate tax deficiency because the estate was found not liable for such deficiency.

This argument is without merit and must be rejected. A finding that a statute of limitation precludes collection of a tax does not equate to an abatement of such tax. Campbell v. Holt, 115 U.S. 620 (1885); Lucia v. United States, 474 F.2d 565 (5th Cir. 1973); City Natl. Bank v. Commissioner, 55 F.2d 1073 (5th Cir 1932); Dillman v. Commissioner, 64 T.C. 797, 802 (1975). In other words, it is the remedy for collecting a tax, not the right to collect such tax, that is destroyed by a statute of limitation. Once a remedy has been destroyed by operation of law, however, the right remains enforceable if there is an alternative remedy. The principles of transferee liability provide respondent with such alternative remedy. Stated simply, the Court's holding in Estate of Mickler v. Commissioner, docket No. 15954-94, did nothing more than preclude respondent's attempt to collect a tax deficiency from the estate on grounds that the

period of limitation for collection of such deficiency had expired. Respondent's right to collect that deficiency continued, however, and she is now attempting to enforce that right using the remedy Congress provided when it codified the principles of transferee liability.

Petitioners also contend that the doctrine of res judicata precludes respondent from collecting the estate tax deficiency from them. Specifically, petitioners argue that the doctrine of res judicata prevents respondent from relitigating the Court's decision in docket No. 15954-94 that no estate tax deficiency exists. Respondent disagrees. We hold for respondent.

The doctrine of res judicata is applicable in the field of Federal taxation. United States v. International Bldg. Co., 345 U.S. 502, 506 (1953); Commissioner v. Sunnen, 333 U.S. 591, 598 (1948); Krueger v. Commissioner, 48 T.C. 824 (1967). It rests on principles of judicial economy and public policy favoring finality of litigation and certainty in legal relations. Commissioner v. Sunnen, supra. In Sunnen, the Supreme Court stated that the "judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment." Id. at 597.

For the doctrine of res judicata to apply, three requirements must be satisfied: (1) The parties in the subsequent action must be the same as or in privity with the

parties to the prior action; (2) the claims in the subsequent litigation must be in substance the same as those in the prior litigation; and (3) the earlier litigation must have resulted in a final judgment on the merits. Nevada v. United States, 463 U.S. 110, 130 (1983); Commissioner v. Sunnen, supra at 597.

Pursuant to section 6901(h), petitioners, as trustees, are considered transferees of the estate. For purposes of res judicata, a transferee of property is in privity with a transferor of such property. Estate of Egan v. Commissioner, 28 T.C. 998, 999 (1957), affd. 260 F.2d 779 (8th Cir. 1958). In addition, the Court's determination that the period of limitations had expired with respect to the estate is a final decision on the merits. Sec. 7459(e); Saso v. Commissioner, 93 T.C. 730, 734 (1989); Badger Materials, Inc. v. Commissioner, 40 T.C. 1061, 1063 (1963); United Business Corp. of Am. v. Commissioner, 19 B.T.A. 809, 832 (1930), affd. 62 F.2d 754 (2d Cir. 1933).

Petitioners' argument must be rejected, however, because the claim presented in the instant case is not the same as the claim presented in Estate of Mickler v. Commissioner, docket No. 15954-94. See Gulf States Steel Co. v. United States, 287 U.S. 32, 44 (1932); American S.S. Co. v. Wickwire Spencer Steel Co., 8 F. Supp. 562, 566 (S.D.N.Y. 1934); cf. Estate of Hunt v. United States, 309 F.2d 146, 148 (5th Cir. 1962). While petitioners contend that the tax respondent seeks to collect in the instant

case is the same tax she sought to collect in docket No. 15954-94, they fail to recognize that the decision by the Court in docket No. 15954-94 was based on the fact that collection of tax from the estate was barred by the statute of limitations. Accordingly, petitioners' reliance on Baptiste v. Commissioner, 29 F.3d 1533, 1541 (11th Cir. 1994), affg. T.C. Memo. 1992-198, is misplaced. When confronted with an issue, in some respects analogous to this one, the Supreme Court explained that "The effective scope of the decision rendered is no broader than the issue, opinion, and findings." Gulf States Steel Co. v. United States, supra at 44. In the instant case, respondent seeks to collect tax under a theory of transferee liability within the statutory period applicable to petitioners as initial transferees. See sec. 6901(c)(1). The doctrine of res judicata does not prevent her from doing so.

Section 6901 permits the Commissioner to proceed against a transferee of property of a decedent in order to collect unpaid estate taxes. Sec. 6901(a)(1)(A)(ii). The period of limitations for assessment of a transferee's liability ends 1 year after the expiration of the period of limitation for assessment against the transferor.[2] Sec. 6901(c)(1). Respondent mailed the notices of transferee liability to petitioners 1 day prior to the running of

---

[2]The flush language of sec. 6901(c) provides an exception to the additional-1-year rule, but that exception is not relevant in the instant case.

the applicable limitation period.  Accordingly, such notices were timely.

In light of the foregoing, we hold that the decision entered by the Court in <u>Estate of Mickler  v. Commissioner</u>, docket No. 15954-94, is not dispositive as to petitioners' transferee liability for the estate tax deficiency.  For the reasons stated herein, petitioners' motion for partial summary judgment is denied.[3]

<u>An appropriate order</u>

<u>denying petitioners' Motion</u>

<u>for Partial Summary Judgment</u>

<u>will be issued.</u>

---

[3]The facts of the instant case are virtually identical to those in <u>Estate of King v. Commissioner</u>, T.C. Memo. 1991-151. The two cases, however, are technically distinguishable in one major respect.  In <u>Estate of King v. Commissioner</u>, <u>supra</u>, respondent conceded that the technical elements of res judicata had been satisfied.  This concession contributed to a decision in the taxpayer's favor.  In contrast, respondent makes no such concession in the instant case.