## CITY NAT. BANK v. COMMISSIONER OF INTERNAL REVENUE.*

### No. 6157.

Circuit Court of Appeals, Fifth Circuit.

Feb. 22, 1932.

Jno. B. King, of Wichita Falls, Tex., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key, F. Edward Mitchell, Wm. Cutler Thompson, and J. P. Jackson, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Allin H. Pierce, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals, which held the City National Bank of Wichita Falls, Tex., liable, as transferee of the assets of the National Bank of Commerce, for a deficiency in the income tax of the latter for that part of the year 1920 ending April 30, when the two banks were consolidated under the provisions of the Act of Congress of November 7, 1918, 40 Stat. 1043 (12 USCA §§ 33, 34). The opinion of the Board is reported in 19 B. T. A. 1080.

After the consolidation business was continued in the name of the City National Bank and as survivor it of course became the owner of the assets of the Bank of Commerce. On May 23, 1921, income tax return was filed in the name of the Bank of Commerce for the period beginning January 1, 1920, and ending April 30, 1920, the date of the consolidation. A deficiency notice was mailed to it in July, 1926, and to the National City Bank, as transferee in November, 1926. It is therefore to be conceded that the assessment and collection of the tax as against the transferor bank was barred by the five-year statute of limitations. Revenue Act of 1918, § 250 (d), 40 Stat. 1082, 1083. The question for decision is whether the assessment was likewise barred as against the City National Bank, transferee and petitioner here. The Revenue Act of 1926 provides that the period of limitation for assessment of a tax liability of a transferee shall be one year after the expiration of the period of limitation for assessment against the taxpayer. Section 280 (b) (1), 26 USCA § 1069 (b) (1). According to the plain terms of this statutory provision, the assessment against petitioner was made well within the statutory period applicable to a transferee, and it could be collected by suit instituted within six years thereafter under section 278 (d) of the same act (26 USCA § 1061 and note). But it is argued that, in the absence of a valid and timely assessment against the transferor taxpayer, there can be no assess-

ment or enforcement of the tax against the transferee, because of the general provision contained in section 278 (d), which makes the assessment of income tax within the period of limitation a condition precedent to collection by suit. The case of United States v. Updike, 281 U. S. 489, 50 S. Ct. 367, 74 L. Ed. 984, is cited in support of this argument, but clearly it is not in point. There the question was as to the period applicable to the collection of an assessment. Suit was brought seven years after the assessment' was made, or more than a year after it was barred. The question here relates to the period allowed for assessment, which under section 280 (b) (1) was made within the statutory period. There is and could be no contention here that the suit to collect the tax was barred. It is also contended that the transferee cannot be held, because under section 1106 (a), 26 USCA § 1249 note, the statute of limitations not only operates to bar the remedy, but extinguishes the liability. A complete answer to that contention is that limitation had not run against the transferee, because the assessment of its liability was made within the year allowed by section 280 (b) (1) after the expiration of the period of limitation for assessment against the taxpayer.

The petition for review is denied.