**POWERS PHOTO ENGRAVING CO., Inc. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 228, Docket 22299.

United States Court of Appeals Second Circuit.

Argued June 3, 1952.

Decided June 19, 1952.

Elden McFarland, Washington, D. C., and Daniel A. Taylor, Chicago, for Powers Photo Engraving Co., Inc., petitioner.

Ellis N. Slack, Acting Asst. Atty. Gen., Helen Goodner and Carolyn R. Just, Sp. Assts. to the Atty. Gen., Mason B. Leming, Washington, D. C., for Commissioner of Internal Revenue, respondent.

Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.

PER CURIAM.

The Tax Court held the petitioner, Powers Photo Engraving Co., Inc., liable as a transferee under Section 311 of the Internal Revenue Code, 26 U.S.C.A. § 311, for the unpaid excess profits taxes for the year 1945 of its wholly owned subsidiary, Powers Electronic and Communication Co. The transferee liability of the petitioner arose out of a transfer in 1946 of $162,-948.24 from Electronic to the petitioner, which left the subsidiary with insufficient assets to pay the amount of its tax defici-

ency. The petitioner contended before the Tax Court that the transfer was a repayment of various loans which it had made to the subsidiary. See Weil v. Commissioner, 2 Cir., 91 F.2d 944, 946. The Commissioner, on the other hand, contended that the transfer was a return of capital which the petitioner had invested in Electronic. The Tax Court found in favor of the Commissioner and its finding is not clearly erroneous but is in accord with recent decisions of this court. Dobkin v. Commissioner, 2 Cir., 192 F.2d 392; Matthiessen v. Commissioner, 2 Cir., 194 F.2d 659.

However, in computing the excess profits tax liability of the subsidiary for the year 1945, the Commissioner treated the amounts advanced by the petitioner as "borrowed" capital which of course resulted in a larger tax. The petitioner urges that this action by the Commissioner estopped him from asserting that the transfer was not a repayment of a loan. We do not agree. However, in fairness to the petitioner, the case must be remanded to the Tax Court where the amount of the deficiency should be recomputed in the light of the Tax Court's finding that the moneys advanced by the petitioner were investments of capital and not loans.