ANNE GATTO, TRANSFEREE, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket No. 37206.   Promulgated July 17, 1953.

*William G. O'Neill, Esq.*, for the respondent.

OPINION.

BLACK, *Judge:* The issue presented here is whether petitioner is liable for income taxes for the years 1944 and 1945 under section 311 of the Code as transferee of the assets of Thomas Gatto, petitioner's husband. Petitioner did not appear personally at the trial nor introduce any evidence and she was not represented by counsel.

The petition alleged that the statute of limitations prevented respondent from asserting a transferee liability against the petitioner herein and respondent's answer denied the allegations. Generally, the plea of the statute of limitations is an affirmative defense; the burden of proof is on petitioner. *Edward M. Lawrence*, 3 B. T. A. 40. Petitioner has offered no evidence to establish this affirmative

defense. However, sufficient evidence has been introduced to support a decision on the merits of this issue.

Section 311 (b) (1) of the Code provides that the period of limitation for assessment of transferee liability in the case of initial transferees of the property of the transferor shall be within 1 year after the expiration of the period of limitation against the transferor. This Court has said that section 311 (b) (1) means the original period of limitation for assessment against the transferor as properly extended by agreements. *Rite-Way Products, Inc.*, 12 T. C. 475, 479. The original periods of limitation for assessment against the transferor, Thomas Gatto, for the years 1944 and 1945, were extended by agreements signed by him to June 30, 1950. Thus, so long as the deficiency notice was mailed to petitioner within 1 year following June 30, 1950, it was a timely notice. *City National Bank* v. *Commissioner*, 19 B. T. A. 1080, affd. 55 F. 2d 1073, certiorari denied 286 U. S. 561. The deficiency notice was mailed to petitioner on July 19, 1951, and at first glance would seem to have been mailed beyond the extended statutory period.

However, a jeopardy assessment had been made on June 22, 1951. The jeopardy assessment was made "within one year after the expiration of the period of limitation for assessment against the taxpayer" under section 311 (b) (1) as interpreted above. Section 273 (b) of the Code provides that a notice of deficiency must be mailed within 60 days after the making of the jeopardy assessment. Therefore, since the deficiency notice was mailed within the 60-day period allowed, it was a timely notice even though it was mailed several days after the limitation period because the jeopardy assessment had been made within the limitation period. *Angier Corporation*, 17 B. T. A. 1376, 1387, affirmed on this issue 50 F. 2d 887, 891, certiorari denied 284 U. S. 673.

Since the correctness of the deficiencies which were determined against the transferor, Thomas Gatto, went unchallenged, respondent's determinations against the original taxpayer are sustained. However, the burden of proving that petitioner is a transferee is upon the respondent. Sec. 1119 (a), I. R. C.

The Findings of Fact show that the transferor's taxes for 1944 and 1945, accrued on March 15, 1945, and March 15, 1946, and were $30,198.98, of which $27,970.41 remains unpaid. He transferred to his wife, the petitioner, real estate with a net equity value of $46,838.97 on November 21, 1947. This transfer left the transferor with assets of a net value of $2,311.59, not sufficient to pay these tax deficiencies to an extent in excess of $25,000. The respondent has made reasonable efforts to collect the tax liability from the transferor but the taxes have not been paid. We have already sustained the respondent's determina-

834

tion of the original deficiency and found that the proceeding against the petitioner as transferee was within the applicable statute of limitations.

The proof submitted by the respondent is sufficient to establish a prima facie case that the petitioner is liable in equity for the unpaid tax deficiencies of her husband except to the extent noted below. The respondent makes out a prima facie case of transferee liability and is entitled to judgment here to the extent noted in the next succeeding paragraph, since the petitioner has not introduced any evidence to rebut respondent's case. *Powers Photo Engraving Co.*, 17 T. C. 393, remanded on another issue 197 F. 2d 704; *Fada Gobins*, 18 T. C. 1159, 1169; *C. A. Hutton*, 21 B. T. A. 101, affd. 59 F. 2d 66.

Transferee liability in equity is a secondary liability and all reasonably possible remedies against the taxpayer-transferor must first be exhausted. *Wire Wheel Corporation of America*, 16 B. T. A. 737, affd. 46 F. 2d 1013; *Oswego Falls Corporation*, 26 B. T. A. 60, affd. 71 F. 2d 673. The transferor, Thomas Gatto, owned on November 21, 1947, one bank account with a balance of $45.02 and a vacant lot with a market value of $2,000, which were not credited to the taxpayer's liability. The petitioner's liability as transferee is secondary and she is not liable for $2,045.02 of the remaining unpaid deficiencies since that part of the tax could be collected from the transferor.

*Decision will be entered under Rule 50.*