HARVEY E. SHAFER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shafer v. Commissioner
Docket No. 2072-83.
United States Tax Court
T.C. Memo 1985-161; 1985 Tax Ct. Memo LEXIS 468; 49 T.C.M. (CCH) 1122; T.C.M. (RIA) 85161; April 2, 1985. Harvey E. Shafer, pro se. Mary Schewatz, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a) [1]
Sec. 6651
Sec. 6654
1975
$8,079.94
$404.00
$2,019.99
$322.79
1976
10,354.46
517.72
2,588.62
253.25
1977
17,296.38
864.82
4,324.09
608.17
1978
33,468.12
1,673.41
8,367.03
1,061.82
*470 The issues for decision are (1) whether amounts received by petitioner from his employer constitute gross income under section 61; (2) whether petitioner is entitled to claim itemized deductions; (3) whether petitioner is liable for additions to tax for failure to file a timely return under section 6651(a)(1); (4) whether petitioner is liable for additions to tax under section 6653(a) for negligence or intentional disregard of rules and regulations and under section 6654(a) for failure to pay estimated tax; and (5) whether assessment and collection of the deficiencies and additions to tax herein are barred by the statute of limitations. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner, Harvey E. Shafer, resided in Havana, Ark., when he timely filed his petition herein. [2]
During the years in issue, petitioner was employed by Bell Helicopter *471 International, Inc. ("Bell"). Petitioner received from Bell wages and other compensation totalling $27,829.88, $32,644.10, $45,110.95 and $71,323.62 for 1975, 1976, 1977 and 1978, respectively. For 1975, 1977 and 1978, petitioner had no Federal income tax withheld from his wages, having filed with Bell a Form W-4E (Exemption from Withholding) for 1977 and a Form W-4 (Employee's Withholding Allowance Certificate) for 1978, claiming he was exempt from withholding. [3] For 1976, Bell withheld Federal income tax of $217.58 from petitioner's wages even though petitioner had also filed a Form W-4E claiming exemption from withholding for that year. The record contains no document purporting to be a Federal income tax return filed by petitioner for 1978. [4] However, on or about March 28, 1977, November 4, 1977, and July 18, 1978, respectively, petitioner filed with respondent documents purporting to be his Federal income tax returns for 1975, 1976 and 1977. The first and second pages *472 of these documents consisted of a Form 1040 (U.S. Individual Income Tax Return) containing the caption "Filed Under Protest - Return Receipt Requested - Petition for Redress of Grievances - All Attachments are an Integral Part of this Return - Other Materials Included by Reference," as well as numerous other objections which were placed in the margins thereof. [5] These Forms 1040, which were signed by petitioner, indicated petitioner's name, address, filing status and occupation, but did not include his social security number. On the lines provided on each Form 1040 requesting information concerning his dependents, income, deductions, tax withheld and credits, petitioner inserted asterisks which referred to either of two notations set forth in the margins of the document. These notations provided "This is not according to my understanding of a 'dollar.' See attached affidavit" and "This means specific objection is made under the 5th Amendment, U.S. Constitution, to the question as to Federal Reserve Notes, and that similar objection is made to the question under the 1st, 4th, 7th, 8th, 9th, 10th, 13th, 14th and 16th Amendments." The remaining pages of each document consisted of miscellaneous *473 attachments ranging from copies of newspaper articles on various topics to judicial opinions which petitioner considered supportive of his position. None of the documents included a Form W-2 (Wage and Tax Statement). *474 In his notice of deficiency, dated November 10, 1982, respondent determined that petitioner had received unreported income of $27,829.88, $32,644.09, [6] $45,110.95 and $71,323.62 for 1975, 1976, 1977 and 1978, respectively. Accordingly, respondent determined deficiencies in petitioner's Federal income tax for such years, and additions to tax under sections 6651(a)(1), 6653(a) and 6654(a). OPINION The first issue is whether amounts received as wages and other compensation from Bell are includible in petitioner's gross income. It is well settled that gross income includes all income from whatever source derived, including compensation for services. Sec. 61(a)(1). Petitioner's frivolous assertion that wages do not constitute income has been repeatedly rejected by this and other courts, and merits no discussion here. See Rowleev. Commissioner,80 T.C. 1111 (1983). Accordingly, we hold that petitioner *475 must include in gross income the amounts received by him from Bell. The second issue is whether petitioner is entitled to claim itemized deductions. Deductions are a matter of legislative grace, and petitioner bears the burden of proving that he is entitled to any deductions which he claims. New Colonial Co. v. Helvering,292 U.S. 435 (1934); Rule 142(a). Petitioner claimed no deductions on the documents which purport to be his Federal income tax returns for 1975, 1976 and 1977. Although his petition alleged that "No consideration or allowance was given [by respondent] for legitimate and proper deductions," petitioner presented no evidence concerning the nature or amount of any deductions to which he claims entitlement. We therefore conclude that petitioner has failed to carry his burden of proof, and accordingly, we sustain respondent's determination on this issue. The third issue is whether petitioner is liable for additions to tax under section 6651(a)(1) for failure to file a timely return for the years in issue. It is clear that petitioner was required to file an income tax return for each of the years in issue. Sec. 6012(a)(1)(A). Petitioner argues *476 that the documents filed by him for 1975, 1976 and 1977 constitute returns, while respondent argues that such documents do not satisfy applicable requirements and thus, are not returns. For the following reasons, we agree with respondent. [7]
The determination of what is an adequate return is a legal question. Jarvis v. Commissioner,78 T.C. 646, 653 (1982), citing United States v. Moore,627 F.2d 830 (7th Cir. 1980), cert. denied 450 U.S. 916 (1981). This Court has held that in order to constitute a return, a document need not be perfectly accurate or complete so long as it purports to be a return, is sworn to as such, *477 and evinces an honest and genuine endeavor to satisfy the requirements for a return; it must, however, contain sufficient information from which the taxpayer's tax liability can be computed. See Reiff v. Commissioner,77 T.C. 1169, 1177 (1981) and cases cited therein. Each document filed by petitioner purporting to be a Federal income tax return is similar to that which the Court considered in Reiff v. Commissioner,supra, in that it contains no information concerning petitioner's income, deductions, credits and other items, but rather, only asterisks referring to petitioner's various objections to providing such information. See Reiff v. Commissioner,supra at 1171-1172. In Reiff, the Court held that, even where it was accompanied by a Form W-2 indicating the taxpayers' wage income for the year in issue, such a document was not a return because, interalia, it did not contain sufficient data from which the taxpayers' tax liability could be computed and did not represent an honest and genuine endeavor to satisfy the requirements for a return. Reiff v. Commissioner,supra at 1177-1179. If *478 anything, each document filed by petitioner contains even less information than that which the Court considered in Reiff, since it does not set forth petitioner's social security number and does not include a Form W-2. A fortiori, we conclude that the documents filed by petitioner with respect to 1975, 1976 and 1977 do not constitute income tax returns. Reiff v. Commissioner,supra at 1177-1179; see also United States v. Daly,481 F.2d 28, 29 (8th Cir. 1973). Consequently, we hold that petitioner failed to file returns for 1975, 1976 and 1977, and is therefore liable for additions to tax under section 6651(a)(1) for such years. As we have noted, the record herein contains no document filed by petitioner purporting to be a Federal income tax return for 1978. Since respondent's determination is presumed correct, and petitioner offered no evidence on this issue, we hold that petitioner has failed to satisfy his burden of proving that he filed a return for 1978. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Cf. O'Donohue v. Commissioner,33 T.C. 698, 701 (1960). Therefore, we also sustain respondent's *479 determination concerning the addition to tax under section 6651(a)(1) for 1978. The fourth issue is whether petitioner is liable for additions to tax under section 6653(a) for negligence or intentional disregard of rules and regulations and under section 6654(a) for failure to pay estimated tax. Respondent's determination concerning the additions to tax under section 6653(a) is presumptively correct, and petitioner bears the burden of proof on this issue. Bixby v. Commissioner,58 T.C. 757, 791 (1972), Enoch v. Commissioner,57 T.C. 781, 802 (1972). Since petitioner offered no evidence on this issue, the additions to tax under section 6653(a) are sustained. With respect to the addition to tax under section 6654(a) for failure to pay estimated tax, no inquiry is made as to reasonable cause or lack of willful neglect on the part of the taxpayer. Bagur v. Commissioner,66 T.C. 817, 824 (1976), remanded on other grounds 603 F.2d 491 (5th Cir. 1979). When there has been a failure to pay or an underpayment of estimated tax, this addition is mandatory unless one of the exceptions provided in section 6654(d) applies. *480 Reaver v. Commissioner,42 T.C. 72 (1964), Estate of Ruben v. Commissioner,33 T.C. 1071 (1960). Petitioner bears the burden of proving that one of such exceptions to this addition to tax applies. Grosshandler v. Commissioner,75 T.C. 1, 20-21 (1980). Since petitioner did not address this issue either at trial or on brief, he has failed to carry his burden of proof, and accordingly we sustain the additions to tax under section 6654(a). The final issue is whether assessment and collection of the deficiencies and additions to tax herein are barred by the statute of limitations. Section 6501(a)(1) provides, in general, that taxes must be assessed within three years after a return is filed. Where no return is filed, however, the tax may be assessed at any time. Sec. 6501(c)(3). The statute of limitations is an affirmative defense and the burden of proving that assessment has been barred thereby is on petitioner, who seeks to avail himself of its benefit. Knollwood Memorial Gardens v. Commissioner,46 T.C. 764, 792 (1966); Gatto v. Commissioner,20 T.C. 830 (1953); Lawrence v. Commissioner,3 B.T.A. 40, 41 (1925). *481 For the reasons set forth above, we have concluded that the documents filed by petitioner for 1975, 1976 and 1977 do not constitute returns. Reiff v. Commissioner,supra. see also Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982), affg. an unreported decision of this Court. There is no evidence that petitioner ever filed a return for 1978. Therefore, since petitioner failed to file returns for 1975, 1976 and 1977, and failed to prove that he filed a return for 1978, we hold that assessment and collection of the deficiencies and additions to tax determined herein are not barred by the Statute of limitations. To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. At the time of trial, petitioner resided in Missoula, Montana.↩
3. Although the record does not indicate whether petitioner filed a similar claim of exemption with respect to 1975, as noted above, no Federal income tax was withheld from his wages for that year.↩
4. On November 5, 1984, pursuant to Rule 90, respondent filed his Request for Admissions, paragraph 15 of which requested petitioner to admit that Exhibit L thereto (herein "Exhibit L") was a copy of a document filed by petitioner and purporting to be his 1978 Federal income tax return. Exhibit L consisted of the first page of a Form 1040 Individual Income Tax Return showing only petitioner's name, address, social security number, filing status and exemptions. Petitioner responded that he was unable to admit or deny "whether Exhibit L is a copy of the 1978 income tax return actually filed by the Petitioner since Exhibit L is incomplete and carries no signature." Since petitioner made no admission concerning Exhibit L and the parties did not further address this issue, we accord no significance herein to that document. ↩
5. These objections include the following: "I offer to amend or re-file this return exactly as you wish it, if you will please show me how to do so without waiving my constitutional rights," and "I do not understand this return nor the laws that may apply to my signature involuntarily given under threat of statutory punishment. I request complete immunity per 18 USC. § 6002, & § 6004 before waiving any constitutional or natural rights, including the Fifth Amendment↩ guarantee of not being a witness against myself."
6. We have found as a fact that during 1976 petitioner received wages and other compensation from Bell of $32,644.10. Respondent's determination in the notice of deficiency that this figure was $32,644.09 appears to have been due to a mathematical error.↩
7. As noted, the documents purporting to be petitioner's Federal income tax returns for 1975, 1976 and 1977, respectively, were filed with respondent on or about March 28, 1977, November 4, 1977, and July 18, 1978. Since we hold that such documents do not constitute returns, we need not address the fact that none of these documents was filed within the period prescribed by section 6072(a), which requires that a return be filed on or before the April 15 following the close of the calendar year to which it relates.↩