CHARLES T. SHAND, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shand v. Commissioner
Docket No. 10411-84.
United States Tax Court
T.C. Memo 1985-276; 1985 Tax Ct. Memo LEXIS 356; 50 T.C.M. (CCH) 96; T.C.M. (RIA) 85276; June 10, 1985. *357 Charles T. Shand, pro se. Mae J. Lew, for the respondent. GOFFE MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioner's Federal income taxes for the taxable years 1979, 1980, and 1981 in the amounts of $5,127, $6,856, and $1,731, respectively. The Commissioner also determined that there are additions to tax for the taxable years 1979, 1980, and 1981 under sections 6651(a), [1] 6653(a)(1), 6653(a)(2), and 6654 as follows: Year
6651(a)
6653(a)(1)
6653(a)(2)
6654
1979
$794
$256
$111
1980
1,459
343
356
1981
224
87
50% of interest
54
due on $1,731
After a concession by respondent, the issues for decision are (1) whether petitioner received wages and interest in each of the taxable years at issue, (2) whether the documents filed with the Internal Revenue Service Center constituted returns, and (3) whether assessment and collection of the deficiencies and additions to tax herein are barred by the statute of limitations. *358 FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and accompanying exhibits are so found and incorporated herein by reference. Charles T. Shand (petitioner) was a resident of Colchester, Vermont, at the time the petition in this case was filed. Petitioner filed documents purporting to be Federal income tax returns with the Internal Revenue Service Center at Ogden, Utah, for the taxable years 1979, 1980, and 1981 on April 16, 1980, April 17, 1981, and April 14, 1982, respectively. Other than his name, address, signature, and date, the only responses provided on the documents were claims to the protection of the Fifth Amendment and claims that providing answers on the Form 1040 would incriminate him. [2]
During the taxable years at issue, petitioner was employed by the Waldinger Corporation. He received compensation for services rendered in the amounts of $23,784, $18,285, and $12,592 for the taxable years 1979, 1980, and 1981, respectively. Petitioner also received interest *359 from the Sheet Metal Workers Associated Credit Union in the amounts of $11, $32, and $22 for the taxable years 1979, 1980, and 1981, respectively. On March 12, 1984, the Commissioner timely issued a statutory notice of deficiency to petitioner for the taxable years 1979, 1980, and 1981. The Commissioner determined that petitioner did not report the compensation and interest received in each of the taxable years at issue and, therefore, determined deficiencies in the amounts of $5,127, $6,856, and $1,731 for the taxable years 1979, 1980, and 1981, respectively. The Commissioner also determined that petitioner is liable for additions to tax in the amounts set forth above for each of the taxable years at issue: under section 6651 for failure to file timely Federal income tax returns, under section 6653(a) for underpayment of income tax due to negligence or intentional disregard of rules and regulations, and under section 6654 for failure to pay estimated tax. OPINION The Commissioner's determination in his statutory notice of deficiency is presumptively correct, and petitioner bears the burden of disproving each individual adjustment. Welch v. Helvering,290 U.S. 111 (1933); *360 Rule 142(a). Petitioner attempts to rely on the Fifth Amendment for his failure to bear his burden of proof, based upon his claim that he might be subject to a criminal investigation by respondent, or be subject to investigation generally by unknown parties. The record contains no evidence of such an investigation and the Court is satisfied that petitioner does not have a reasonable basis to fear self-incrimination. The possible danger, if any, of self-incrimination is so remote and speculative that it cannot serve as the basis for a Fifth Amendment claim in this case. Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982), affg. an unreported decision of this Court; McCoy v. Commissioner,76 T.C. 1027, 1029 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). Petitioner earned income in the form of wages and interest during each of the taxable years at issue in the amounts set forth in the stipulation of the parties as found by this Court in the above Findings of Fact. Petitioner presented no evidence in support of any deductions or credits against that income. The Commissioner's determination of deficiencies in income tax for the taxable *361 years 1979, 1980, and 1981 is sustained. Rule 142(a). Section 6651(a) imposes an addition to tax for failure to file a timely tax return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Such additions are presumed correct, and are generally upheld unless the taxpayer presents evidence controverting their applicability. Abramo v. Commissioner,78 T.C. 154, 163 (1982). The determination of whether documents filed with the Commissioner constitute a return is a legal question. Jarvis v. Commissioner,78 T.C. 646, 653 (1982), citing United States v. Moore,627 F.2d 830 (7th Cir. 1980), cert. denied 450 U.S. 916 (1981). This Court has held that in order to constitute a return, a document need not be perfectly accurate or complete so long as it purports to be a return, is sworn to as such, and evinces an honest and genuine endeavor to satisfy the requirements for a return. It must, however, contain sufficient information from which the taxpayer's tax liability can be computed. Edwards v. Commissioner,supra at 1269-1270; Reiff v. Commissioner,77 T.C. 1169, 1177 (1981). *362 The documents filed by petitioner with the Internal Revenue Service do not contain sufficient information by which the amount of tax liability can be determined and are not, therefore, tax returns. Reiff v. Commissioner,supra at 1177-1179; see also United States v. Daly,481 F.2d 28, 29 (8th Cir. 1973). Petitioner has not carried his burden of proving that he timely filed Federal income tax returns for the taxable years 1979, 1980, and 1981, and the additions to tax under section 6651(a) determined by the Commissioner are sustained. Rule 142(a). Section 6653(a)(1) provides that, if any part of any underpayment of tax is due to negligence or intentional disregard of rules and regulations, there shall be added to the tax an amount equal to five percent of the underpayment. Section 6653(a)(2) provides that there shall be added to the tax an amount equal to 50 percent of the interest payable under section 6601 with respect to the portion of the underpayment which is attributable to negligence or intentional disregard of rules and regulations. Petitioner bears the burden of proving that his underpayment was not due to negligence or intentional *363 disregard of rules and regulations. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). Petitioner has presented no evidence to dispute the Commissioner's determination as to these additions to tax. Accordingly, we sustain the Commissioner's determination with respect to the additions to tax under section 6653(a)(1). Rule 142(a). We also conclude, for purposes of the additions to tax under section 6653(a)(2), that all of petitioner's underpayment for the taxable year 1981 was attributable to negligence. Respondent also determined additions to tax for the taxable years under section 6654 for the underestimation of income tax. Where prepayments of tax, either through withholding or by making estimated tax payments quarterly during the course of the year, do not equal the percentage of total liability required under the statute, imposition of the addition is automatic, unless petitioner can show that one of the several statutorily provided exceptions applies.Sec. 6654. The burden to show qualification for such exception is on petitioner. Habersham-Bey v. Commissioner,78 T.C. 304, 319-320 (1982); Grosshandler v. Commissioner,75 T.C. 1, 20-21 (1980). *364 Petitioner made no such showing, and respondent's determination is, therefore, sustained. The final issue is whether assessment and collection of the deficiencies and additions to tax herein are barred by the statute of limitations. Section 6501(a)(1) provides, in general, that taxes must be assessed within three years after a return is filed. Where no return is filed, however, the tax may be assessed at any time. Sec. 6501(c)(3). The statute of limitations is an affirmative defense and the burden of proving that the period has expired is on the party seeking to avail himself of its benefit. Knollwood Memorial Gardens v. Commissioner,46 T.C. 764, 792 (1966); Gatto v. Commissioner,20 T.C. 830, 832-833 (1953). For the reasons set forth above, we have concluded that the documents filed by petitioner for 1979, 1980, and 1981 do not constitute returns. Edwards v. Commissioner,supra at 1269-1270; Reiff v. Commissioner,supra at 1177. As petitioner failed to file a return for any one of the three taxable years at issue, we hold that assessment and collection of the deficiencies and additions to tax determined *365 herein are not barred by the statute of limitations. In closing, petitioner's rationale for the nonpayment of Federal income tax for the taxable years at issue is based upon nothing more than the usual, frivolous "protestor" arguments. Cases based upon such contentions are burdensome both on this Court and to society as a whole, as fully discussed in Abrams v. Commissioner,82 T.C. 403 (1984). Should petitioner institute or maintain any future proceedings before this Court in contravention of the provisions of section 6673, [3] we will not hesitate to award the maximum amount of damages, even upon our own motion.
*366 To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the relevant years, and all Rule references are to the Rules of Practice and Procedure of this Court.↩
2. The document filed for the taxable year 1979 also includes the amount of income tax withheld although petitioner did not request an income tax refund.↩
3. SEC. 6673. DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT PRIMARILY FOR DELAY, ETC. Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision.Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.↩