EDWARD J. WATT AND WILDA M. WATT, DECEASED, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Watt v. Commissioner
Docket No. 15457-84.
United States Tax Court
T.C. Memo 1986-22; 1986 Tax Ct. Memo LEXIS 587; 51 T.C.M. (CCH) 293; T.C.M. (RIA) 86022; January 16, 1986. Edward J. Watt, pro se. Michael Kevin Phalin, for *588 the respondent. AARONS
MEMORANDUM OPINION AARONS, Special Trial Judge: This case was assigned to Special Trial Judge Aarons pursuant to section 7456(d)(3) of the Internal Revenue Code and Rules 180, 181 and 182 of this Court's Rules of Practice and Procedure. [1]
In a notice of deficiency dated March 5, 1984, respondent determined a deficiency in petitioners' Federal income tax for 1976 in the amount of $3,323, together with additions to tax under section 6653(a) in the amount of $166.15, under section 6651(a)(1) in the amount of $173.75, and under section 6651(a)(2) in the amount of $173.75. Respondent also seeks an award of damages under section 6673. Because Wilda M. Watt was deceased at the time of the issuance of the Notice of Deficiency, "petitioner" as used herein in the singular, will refer to Edward J. Watt. At the time of the filing of the petition, petitioner resided in Torrance, California. During *589 1976, petitioner earned wages from the Garrett Corporation in the amount of $3,816.61 and from Hughes Aircraft in the amount of $16,272. These amounts were reflected in the W-2 forms, copies of which were filed with petitioners' joint State of California income tax return for 1976. Petitioner filed a purported Federal income tax return for 1976, but that document contained no information as to his income or deductions. Rather, each relevant space contained only an asterisk which referred to a footnote stating: "These answers are given under the protection of the 4th and 5th Amendments to the U.S. Constitution." The petition herein asserts the defense of the statute of limitations. At trial, petitioner admitted receiving the asserted wages, and admitted that wages constitute gross income. He admitted further that his employment giving rise to the wages was not an illegal activity. But he asserted that if he had reported his wages he would have subjected his entire return to possible criminal investigation due to the omission of some undisclosed income from another undefined activity. Petitioner testified that he has not been aware of any pending or threatened criminal investigation *590 since he filed his 1976 purported return. In a Request for Admissions, filed herein, respondent makes reference to docket No. 8110-76 involving the same petitioner and holding for respondent on issues quite similar to those involved herein. Petitioner's response to this request was that it "fails to mention that docket No. 8110-76 was appealed to the 9th Circuit Court (C.A. 79-7202)". Docket No. 8110-76 is the case of Watt v. Commissioner,T.C. Memo. 1978-495. That case was affirmed on February 23, 1981, in an unpublished opinion of the 9th Circuit. 642 F.2d 457 (9th Cir. 1981). Petitioner has shown no basis whatsoever for his claim of protection under the "unreasonable searches and seizures" clause of the Fourth Amendment. See Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982), affg. per curiam an unreported decision of this Court. With regard to petitioner's Fifth Amendment allegations, the privilege against self-incrimination does not apply where the possibility of criminal prosecution is remote or unlikely. Rogers v. United States,340 U.S. 367, 374 (1951). The privilege applies only where there *591 is a real and appreciable danger of self-incrimination and reasonable cause to apprehend such danger. Edwards v. Commissioner,supra.Petitioner has certainly not demonstrated any such real or appreciable danger. He has admitted that during the years between the filing of his 1976 "return" and the time of trial no criminal prosecution has been threatened. The Fifth Amendment privilege may not be used merely as a method of avoiding payment of taxes owed, which would appear to be petitioner's intended objective. See United States v. Carlson,617 F.2d 518, 522-523 (9th Cir. 1980). Petitioner relies upon Garner v. United States,424 U.S. 648 (1976), for support of his Fifth Amendment position. In Garner the Supreme Court stated that had the taxpayer invoked the privilege against compulsory self-incrimination on his tax return (which he had a right to do), in lieu of supplying the information used against him, the Internal Revenue Service could have proceeded against him only by seeking criminal prosecution for willful failure to file or by completing the taxpayer's return administratively. He could not have been prosecuted *592 for any item omitted from his return based upon a valid Fifth Amendment claim. But, Garner does not apply to the instant facts. In Garner the taxpayer reported on his return that he was a professional gambler, and it was this information which was used against his Fifth Amendment objections, as part of the basis for his criminal prosecution. In the instant case, there would hardly have been a likelihood of a criminal prosecution from petitioner's disclosure of his wages from Garrett and Hughes. To extend the language of Garner to cover the instant facts would furnish a convenient means of tax avoidance or at least tax delay to anyone engaged in ordinary legitimate employment. Clearly no such result was intended by the Court in Garner.
With respect to petitioner's claim that the deficiencies and additions to tax herein are barred by the statute of limitations, section 6501(a)(1) provides, in general, that taxes must be assessed within three years after a return is filed. Where no return is filed, however, the tax may be assessed at any time. Sec. 6501(c)(3). The statute of limitations is an affirmative defense and the burden of proving that the period has expired *593 is on the party seeking to avail himself of its benefit. Knollwood Memorial Gardens v. Commissioner,46 T.C. 764, 792 (1966); Gatto v. Commissioner,20 T.C. 830, 832-833 (1953). We have concluded that the document filed by petitioners for 1976 does not constitute a return. Edwards v. Commissioner,supra;Reiff v. Commissioner,77 T.C. 1169, 1177 (1981). As petitioners failed to file a return for the taxable year at issue, we hold that assessment and collection of the deficiency and additions to tax determined herein are not barred by the statute of limitations. The additions to tax under sections 6651(a)(1) and 6653(a) are presumed correct and are generally upheld unless the taxpayer presents evidence controverting their applicability. Abramo v. Commissioner,78 T.C. 154, 162-164 (1982); Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). No such evidence was presented herein. We sustain the additions under sections 6651(a)(1) and 6653(a). As to the addition to tax under section 6651(a)(2) for late payment, we note that this addition is determined by the amount of tax actually *594 shown as tax on the return by the taxpayer. Cf. Estate of Young v. Commissioner,81 T.C. 879, 882 (1983). Here, no return was filed by petitioners. Accordingly, we find for petitioners as to the section 6651(a)(2) addition. With respect to the award of damages under section 6673, the Court is convinced that petitioner's position herein is a continuation of his tax-protestor pattern, the beginning of which was manifested in Watt v. Commissioner,T.C. Memo. 1978-495. The Court warned all such taxpayers at the Calendar Call of the likelihood of a damages award under section 6673. We find, on the basis of the entire record, that petitioner instituted and maintained the present proceedings for delay and that his position is frivolous and groundless. Accordingly, damages will be awarded to the United States in the amount of $2,500. An appropriate order and decision will be entered.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and as in effect in the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩