T.C. Summary Opinion 2003-26

UNITED STATES TAX COURT

CYNTHIA L. EDELEN, f.k.a. CYNTHIA L. KRATZ,[1] Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 3870-02S, 3871-02S.          Filed March 26, 2003.

Cynthia L. Edelen, f.k.a. Cynthia L. Kratz, pro se.

<u>Frederick J. Lockhart, Jr.</u>, for respondent.

POWELL, <u>Special Trial Judge</u>:  These consolidated cases were
heard pursuant to the provisions of section 7463[2] in effect at
the time the petitions were filed.  The decisions to be entered
are not reviewable by any other court, and this opinion should

---

[1]  These cases were consolidated for purposes of trial,
briefing, and opinion because they involve common questions of
fact and law arising from whether petitioner individually or
jointly with her current husband filed Federal income tax returns
for the years in issue.

[2]  Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the years in
issue.

not be cited as authority.

Respondent determined deficiencies and additions to tax in petitioner's 1996 and 1997 Federal income taxes as follows:

| | | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) |
| 1996 | $11,437 | $529.87 | $588.75 |
| 1997 | 5,275 | 441.45 | 382.59 |

Petitioner resided in Evergreen, Colorado, at the time the petitions were filed.

When these cases were called for trial, petitioner orally moved to amend her petitions to raise the affirmative defense that the period of limitations had expired before the issuance of the notices of deficiency. The Court granted the motions. On the agreement of the parties, a partial trial was held in these cases on the issue whether petitioner and her current husband filed joint returns for the 1996 and 1997 taxable years. If the Court determines that joint returns were filed, then respondent concedes that the period of limitations has expired, and decisions will be entered that no deficiencies and additions to tax are due from petitioner. If the Court determines that returns were not filed, then these cases will be restored to the general docket for further trial.

The period of limitations is an affirmative defense which must be pleaded and proved by the taxpayer. Knollwood Meml. Gardens v. Commissioner, 46 T.C. 764, 792 (1966); Gatto v.

Commissioner, 20 T.C. 830, 832 (1953).  As pertinent here, an assessment of taxes must be made "within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed)".  Sec. 6501(a).  Respondent issued notices of deficiency for petitioner's 1996 and 1997 taxable years on October 22, 2001.  In order to prevail, petitioner must establish that the 1996 and 1997 tax returns were filed before October 22, 1998.  See BJR Corp. v. Commissioner, 67 T.C. 111, 119 (1976); Workman v. Commissioner, T.C. Memo. 1977-378.

Petitioner and her husband, Gary Edelen (Mr. Edelen), testified that they signed a "stack of returns," which included the 1996 and 1997 returns, and delinquent 1994 and 1995 returns. The "stack of returns" was mailed in one envelope via certified mail on April 15, 1998.  Petitioner provided a "Receipt for Certified Mail," bearing a U.S. Postal Service stamp dated April 15, 1998, showing $1.24 in postage paid.  On the other hand, respondent's "Certification of Lack of Record" shows that respondent has not received Federal income tax returns from petitioner for the taxable years 1996 through 2001. Respondent's "Certificate of Official Record," also indicates, inter alia, that petitioner's 1994 joint income tax return was filed and tax was assessed on May 25, 1998, and that petitioner's 1995 joint income tax return was filed and tax was assessed on May 31, 1999.

The certified mail receipt is prima facie evidence that a document was mailed to respondent.  Sec. 301.7502-1(e)(1), Proced. & Admin. Regs.  Petitioner, however, must still establish that the envelope for which she has the receipt included the 1996 and 1997 tax returns.  The testimony of petitioner and her husband is vague.  Specifically, neither could recall which tax years were included in the "stack of returns" signed and mailed on April 15, 1998.  On the other hand, respondent's records indicate that the 1994 tax return was received around that time.  Furthermore, we are concerned about what appears to be an abnormal postage rate.  The copies of the 1996 and 1997 tax returns that petitioner recently produced weigh approximately 5 ounces.  If we were to assume that returns for 1994, 1996, and 1997 were mailed at that time, the postage would have been greater than that paid.[3]  Moreover, we find it difficult to accept that, if the returns were mailed together, the 1994 return would have been duly received and processed, but the 1996 and 1997 returns were not.  Finally, we note that for the taxable year 1997, petitioner's copy shows that there was an underpayment of tax, and it would be reasonable to assume that she would have had some record of that payment.  In sum, while petitioner may have thought that she and/or her husband mailed the 1996 and 1997

---

[3]  At that time the postage rates were $1.20 for 5 oz., $1.82 for 7½ oz., and $2.39 for 10 oz.

returns, we conclude that only the 1994 return was mailed on April 15, 1998. We find that petitioner has not established that the period of limitations for assessing the tax liabilities for 1996 and 1997 had expired prior to the mailing of the notices of deficiency for those years.

Reviewed and adopted as the report of the Small Tax Case Division.

An appropriate order will

be issued.