T.C. Summary Opinion 2003-173

UNITED STATES TAX COURT

STEVEN JAY WOLK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11536-02S.                    Filed December 30, 2003.

Steven Jay Wolk, pro se.

<u>Lorianne D. Masano</u>, for respondent.


POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1] Unless otherwise indicated, subsequent section references are to the Internal Revenue Code, as amended.

Respondent issued a Notice Of Determination Concerning Collection Action(s) Under Section 6320 to petitioner for unpaid Federal income taxes and related liabilities in the following amounts:

| Year | Liability[1] |
|------|-----------|
| 1991 | $6,070.14 |
| 1992 | 2,360.67 |
| 1994 | .28 |
| 1995 | .54 |
| 1996 | 1,557.39 |

[1]  Amounts computed through May 31, 2002.  The amounts for the 1991, 1992, and 1996 taxable years comprise unpaid Federal income taxes, additions to tax for failure to timely file Federal income tax returns and failure to pay Federal income taxes under sec. 6651(a)(1) and (2), and interest.

The unpaid liabilities for the 1994 and 1995 taxable years reflect unpaid interest calculated for 2 days.  Respondent levied upon petitioner's bank account on Sept. 15, 1998, for payment of petitioner's 1994 and 1995 tax liabilities and interest calculated through that date.  Respondent received payment on Sept. 18, 1998.  Petitioner did not raise any issue with respect to the unpaid interest amounts for 1994 and 1995 in the petition filed with this Court, and, thus, these years are not before the Court.

After concessions,[2] the issues are (1) whether the period of limitations on assessment bars respondent from collecting the 1991 and 1992 tax liabilities, (2) whether respondent correctly issued refund checks to petitioner instead of applying an overpayment to petitioner's 1990 estimated tax payments, and (3)

[2]  Petitioner concedes the amount of Federal income taxes due and the additions to tax for failure to timely file Federal income tax returns under sec. 6651(a)(1) for the 1991, 1992, and 1996 taxable years.

whether petitioner is liable for the additions to tax under section 6651(a)(2) for failure to timely pay the 1991, 1992, and 1996 tax liabilities.  Petitioner resided in Maitland, Florida, at the time the petition was filed.

## Background

### 1991, 1992, and 1996 Federal Income Tax Returns

Petitioner filed his 1991 return on January 6, 1999. Respondent assessed petitioner's reported tax due of $2,216 on March 15, 1999.  The 1991 return bears a date stamp of "February 10, 1993" next to the signature line on the return.

Petitioner filed his 1992 return on September 28, 1998. Respondent assessed petitioner's reported tax liability of $817 on November 30, 1998.  The 1992 return is not a part of the record.

As to the 1996 taxable year, petitioner filed Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return, on April 15, 1997, and remitted a payment of $1,000 to respondent.  Petitioner filed his 1996 return on April 23, 2000, and respondent assessed the reported tax due of $1,575 on November 6, 2000.  Petitioner made no additional payments for the 1991, 1992, and 1996 taxable years because he contended that an overpayment from 1987 applied to the tax liabilities for those years.

1987 Overpayment

We begin by noting that the facts as presented surrounding the 1987, 1989, 1990, 1991, and 1992 taxable years are unclear, and at times, contradictory. By letter dated July 30, 1992, petitioner sent respondent a duplicate copy of his 1989 return, which respondent filed that date, and a copy of Form 1045, Application for Tentative Refund, claiming a net operating loss (NOL) for that year to be carried back to the 1987 taxable year. This generated an overpayment of tax in 1987 of $3,341. Petitioner asserts that these documents were previously filed in November 1990, and that he never received the refund. Thus, he filed Form 1040X, Amended U.S. Individual Income Tax Return, requesting respondent to apply the unpaid refund to his 1990 estimated tax payments.

By the same letter, petitioner also filed his 1990 return claiming an NOL and requested that respondent carryback that NOL to 1987. This generated an additional overpayment in 1987 of $3,300.[3] Petitioner also requested that respondent apply this overpayment as an estimated tax payment for 1990 and for "later years." As a result, the 1987 overpayment totaled $6,641, which petitioner, on his 1990 return, applied as estimated tax payments.

---

[3] Petitioner claims the overpayment is $3,256. The reason for the $44 discrepancy is unclear from the record, and we will apply respondent's calculations.

Upon receipt of these documents, respondent applied $1,829 and $817 of the 1987 overpayment to petitioner's 1989 and 1990 tax liabilities, respectively. The rest, $3,995, remained as an overpayment from 1987. As a result, respondent issued two refund checks to petitioner: (1) $780.54[4] on November 30, 1992, and (2) $3,300[5] on December 7, 1992. Instead of negotiating these refund checks, petitioner placed them in a file cabinet. When the time in which the checks could be negotiated expired, respondent issued a third check to petitioner on April 18, 1994, in the amount of $4,080.54. Again petitioner failed to timely negotiate the third refund check. Respondent issued a fourth refund check on February 5, 1996, in the amount of $5,497.36,[6] which petitioner negotiated.

On June 29, 2001, respondent issued to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320. Petitioner timely filed a Request for a Collection Due Process Hearing. On June 5, 2002, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 to petitioner determining, inter alia, that all legal and

---

[4] Balance remaining from the $3,341 overpayment resulting from the 1989 NOL, minus the 1989 and 1990 tax liabilities, plus interest.

[5] The overpayment resulting from the 1990 NOL.

[6] The $3,995 overpayment plus interest.

procedural requirements were met and that the collection action should proceed.

## Discussion

### Period of Limitations

Petitioner argues that the period of limitations on assessment expired for the 1991 and 1992 taxable years.  We review respondent's determinations de novo, as the period of limitations constitutes a challenge to the underlying tax liabilities.  See MacElvain v. Commissioner, T.C. Memo. 2000-320. The period of limitations is an affirmative defense which must be pled and established by the taxpayer.  Knollwood Meml. Gardens v. Commissioner, 46 T.C. 764, 792 (1966); Gatto v. Commissioner, 20 T.C. 830, 832 (1953).[7]  As pertinent here, an assessment of taxes must be made "within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed)". Sec. 6501(a).

Respondent assessed petitioner's 1991 and 1992 taxes on March 15, 1999, and November 30, 1998, respectively.  In order to prevail, petitioner must establish that he filed his 1991 and 1992 returns before March 15, 1996, and November 30, 1995, respectively.

_____

[7]  Sec. 7491(a), concerning the burden of proof, is inapplicable because petitioner has not satisfied its requirements.

Respondent's "Certificate of Official Record" indicates, inter alia, that petitioner filed his 1991 return on January 6, 1999. While petitioner provided a copy of his 1991 return containing a date stamp of February 10, 1993, next to the signature line, he failed to provide any evidence of mailing or delivery.[8] A date stamp on a return, without any evidence of mailing or other delivery, does not satisfy petitioner's burden.

As to the 1992 return, which is not part of the record, respondent's "Certificate of Official Record" indicates, inter alia, that petitioner filed his 1992 return on September 28, 1998. Petitioner testified that he delivered his 1992 and 1993 returns to respondent's Maitland, Florida, Service Center on November 9, 1995. Petitioner's testimony, without credible supporting documentary evidence, is not enough to satisfy his burden of proof.[9] See Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1976), affd. 540 F.2d 821 (5th Cir. 1976). Accordingly, we find that the period of limitations does not bar collection of petitioner's 1991 and 1992 tax liabilities.

---

[8] If a taxpayer sends a return "by registered mail or certified mail, proof that the * * * [return] was properly registered or that a postmark certified mail sender's receipt was properly issued * * * shall constitute prima facie evidence that the * * * [return] was delivered". Sec. 301.7502-1(d), Proced. & Admin. Regs.

[9] According to respondent's "Certificate of Official Record", petitioner's 1993 return was filed on Nov. 16, 1995.

Application of the 1987 Overpayment

The crux of petitioner's argument is that if respondent had applied the 1987 overpayment, generated from the 1989 and 1990 NOL's, "as an estimated tax payment toward any tax liability due on my 1990 return and later years" as he requested in the July 30, 1992, letter, the tax liabilities for 1991, 1992, and 1996 would have been paid. We review respondent's determination de novo, as the validity of the underlying tax liability, "i.e., the amount unpaid after application of credits to which petitioner is entitled," is properly at issue. See Landry v. Commissioner, 116 T.C. 60, 62 (2001).

Section 6401(b)(1) provides: "If the amount allowable as credits * * * exceeds the tax imposed * * * the amount of such excess shall be considered an overpayment." The Commissioner may first credit any overpayment against "any outstanding liability for any tax * * * owed by the taxpayer making the overpayment". Sec. 301.6402-3(a)(6)(i), Proced. & Admin. Regs. Any remaining overpayment may be applied to the estimated tax but only "for the taxable year immediately succeeding the taxable year for which such return (or amended return) is filed." Sec. 301.6402-3(a)(5), Proced. & Admin. Regs. (emphasis added); see also sec. 6402(b). The Commissioner shall refund any balance of the overpayment to the taxpayer. Sec. 6402(a).

For the 1989 taxable year, respondent correctly applied the 1987 overpayment of $3,341, generated from the NOL in 1989, to petitioner's 1989 tax liability of $1,829.  The balance of the 1987 overpayment could not be applied to petitioner's 1990 estimated tax payments because petitioner filed his 1989 return on July 30, 1992,[10] long past the 1990 taxable year during which the estimated tax payments would be due.  See sec. 6654(c)(2).

As to the 1990 taxable year, petitioner, in completing his 1990 return, applied the entire 1987 overpayment of $6,641[11] as estimated tax payments in 1990.  As previously discussed, respondent could not apply the portion of the 1987 overpayment generated from the 1989 NOL to petitioner's 1990 estimated tax payments.  As to the portion of the 1987 overpayment arising from the 1990 NOL, respondent correctly applied that portion of the 1987 overpayment to petitioner's 1990 tax liability of $817.  It is nonsensical, as petitioner requested, to apply the remaining balance of the 1987 overpayment (generated from the 1990 NOL) to petitioner's 1990 estimated tax payments.  Any overpayment

---

[10]  Petitioner argues that he filed his 1989 return on Nov. 26, 1990.  This issue was not addressed at trial, and we will not decide it.  In any event, if we were to accept petitioner's filing date, petitioner still filed his 1989 return too late, as the deadline for the third installment of his 1990 estimated tax payment had passed.  See sec. 6654(c)(2).

[11]  Petitioner claimed $6,611 as estimated tax payments in 1990.  The reason for the $30 discrepancy is unclear from the record, and we will apply respondent's calculations.

generated in 1990 could only be applied to petitioner's 1991 estimated tax payments, which is the tax year immediately succeeding the taxable year in which the 1990 return was filed. See Stephenson v. Commissioner, T.C. Memo. 1995-33; Stephenson v. Commissioner, T.C. Memo. 1995-32. When respondent could not apply the remaining 1987 overpayment to petitioner's 1990 estimated tax liability, respondent correctly issued petitioner the refund checks. Accordingly, we sustain respondent on this issue.

Additions to Tax for Failure To Timely Pay

We review respondent's determination de novo and sustain respondent on this determination.[12] If a Federal income tax is not timely paid, "there shall be added to the amount shown as tax on such return 0.5 percent of the amount of such tax" for each month or fraction thereof, but "not exceeding 25 percent" "unless it is shown that such failure is due to reasonable cause and not due to willful neglect". Sec. 6651(a)(2). Petitioner argues that the additions to tax should not be imposed because, if respondent had applied the overpayments to petitioner's 1990 estimated tax payments as he requested, the Federal income taxes due would have been paid. But the fact remains that petitioner did not timely file his returns, and he has conceded his

---

[12] Respondent has satisfied his burden of production under sec. 7491(c).

liability for the additions to tax under section 6651(a)(1). Moreover, as discussed, respondent previously had properly applied the overpayment to petitioner's 1989 and 1990 tax liabilities and refunded the remainder to him.

In closing, we note that petitioner is an attorney and has a history of not timely filing tax returns and of apparently ignoring any communications from respondent, including not opening envelopes with refund checks. This is the crux of the dispute before the Court. Under these circumstances, petitioner's claim that he is an abused taxpayer has a decidedly hollow ring.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.